**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2005-05191
### Friedson v Abbott Laboratories et al

| **File Date** | 12/09/2005 | **Status** | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| **Status Date** | 01/11/2006 | **Session** | BLS2 - CtRm 1017, 3 Pemberton Sq,Boston |
| **Origin** | 1 | **Case Type** | BE1 - Fraud, business torts, etc |
| **Lead Case** | | **Track** | B |

| **Service** | | **Answer** | | **Rule12/19/20** | |
|---|---|---|---|---|---|
| **Rule 15** | | **Discovery** | | **Rule 56** | |
| **Final PTC** | | **Disposition** | | **Jury Trial** | Yes |

|  **PARTIES**  |
|---|

**Plaintiff**
David Friedson
Active 12/09/2005

**Private Counsel 076880**
Gerald J Caruso
Rubin & Rudman
50 Rowes Wharf
3rd floor
Boston, MA 02110
Phone: 617-330-7000
Fax: 617-439-9556
Active 12/09/2005 Notify

**Defendant**
Abbott Laboratories
Served: 12/14/2005
Served (answr pending) 12/22/2005

**Private Counsel 188310**
Peter E Gelhaar
Donnelly Conroy & Gelhaar
One Beacon Street, 33rd Floor
Boston, MA 02108-
Phone: 617-720-2880
Fax: 617-720-3554
Active 01/11/2006 Notify

**Private Counsel 566960**
Michael S D'Orsi
Donnelly Conroy & Gelhaar
1 Beacon Street
33rd Floor
Boston, MA 02108
Phone: 617-720-2880
Fax: 617-720-3554
Active 01/11/2006 Notify

**Defendant**
Wells Fargo Bank Minnesota
Served: 12/16/2005
Served (answr pending) 12/22/2005

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2005-05191
### Friedson v Abbott Laboratories et al

**Defendant**
  Sweet Productions Ltd
  Served: 12/14/2005
  Served (answr pending) 12/22/2005

**ENTRIES**

| Date | Paper | Text |
|------|-------|------|
| 12/09/2005 | 1.0 | Complaint (Business) |
| 12/09/2005 | | Origin 1, Type BE1, Track B. |
| 12/09/2005 | 2.0 | Civil action cover sheet filed |
| 12/20/2005 | 3.0 | Notice of Acceptance into Business Litigation Session - (Gants,J) |
| | | (dated 12/13/05) notice sent 12/14/05 |
| 12/22/2005 | 4.0 | Affidavit of compliance with long-arm statute with proof of service |
| | | on out of state defendant Defts. |
| 01/11/2006 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. |
| | | Abbott Laboratories U. S. Dist.#(06-CA-10057GAO), and (Amended Notice |
| | | Of Removal Jan. 13, 2006). |
| 01/11/2006 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

ATTEST AND CERTIFY ON

JAN. 19, 2006 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

DAVID FRIEDSON, as Stockholders'
Representative of the former Stockholders
of the ZONEPERFECT NUTRITION
COMPANY,
    Plaintiff,

v.

ABBOTT LABORATORIES,
WELLS FARGO BANK MINNESOTA, in
its Capacity as Escrow Agent under an
Escrow Agreement dated August 26, 2003,
and SWEET PRODUCTIONS LTD.,
    Defendants.

05-5191 B

**No.**

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

### COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff David Friedson ("Friedson" or "Stockholders' Representative") brings this

complaint as stockholder representative on behalf of the former stockholders (the

"Stockholders") of ZonePerfect Nutrition Company ("ZonePerfect") against Abbott Laboratories

("Abbott") because Abbott has acted in an unfair and deceptive manner and in bad faith in

asserting non-meritorious claims precluding disbursement of over $5,000,000.00 (five million

dollars) to the Stockholders pursuant to a Stock Purchase Agreement ("SPA") among Abbott,

ZonePerfect and the Stockholders and pursuant to an Escrow Agreement ("EA") among the

Stockholders' Representative, Abbott, and Wells Fargo Bank Minnesota, National Association.

Abbott has, in essence, wrongfully asserted that it is entitled to more of the escrowed funds than

facts and circumstances allow under the terms of the SPA, thus preventing the Stockholders from

rightfully collecting the funds due and owing to them from the escrowed funds. As such, Abbott

has engaged in unfair and deceptive practices under the Massachusetts consumer protection act,

M.G.L. c. 93A, and the Delaware Unfair and Deceptive Trade Practices Statute, 6 Del. C. § 2532. Further Abbott's conduct is a violation of the implied covenant of good faith and fair dealing under both Massachusetts and Delaware law. The Stockholder Representative also requests that the court enter a declaratory judgment pursuant to the Massachusetts Declaratory Judgment Act, G.L. c. 231A, §1 and §2.

## THE PARTIES

1. The Plaintiff David Friedson ("Friedson" or "Stockholders' Representative") brings this action on behalf of the former Stockholders of the ZonePerfect Nutrition Company ("ZonePerfect"). Friedson is a citizen of the State of New York, residing at 300 Central Park West, Apt. 21D, New York, NY 10024.

2. ZonePerfect Nutrition Company is a Delaware corporation whose principal place of business at all times relevant to the claims in this complaint was 303 Congress Street, Boston, Massachusetts. On information and belief, ZonePerfect's present address is 100 Abbott Park Road, Tax Division, D367-APD, Abbott Park, Illinois 60064-6057.

3. The Defendant Abbott Laboratories is a corporation organized under the laws of the state of Illinois, with a principal place of business at 100 Abbott Park Road, Abbott Park, Illinois 60064.

4. Wells Fargo Bank Minnesota, National Association, is a Corporate Trust with a principal place of business at Sixth and Marquette MAC N 9303-110, Minneapolis, Minnesota 55479 ("Wells Fargo").

5. Sweet Productions Limited ("Sweet") is a corporation organized under the laws of the State of New York, with its principal place of business at 5100 New Horizon's Boulevard, Amityville, New York 11701. Sweet is named only as a necessary party.

## **JURISDICTION**

6.     This court has jurisdiction over this action under G.L. c. 212, §1, G.L. c. 214, §1, G.L. c. 93A, §2 and §11 and G.L. c. 231A, §1 and §2.

## **THE FACTS**

7.     ZonePerfect marketed and distributed the Zone bars, a dietary meal supplement/substitute. The Zone bars were manufactured for ZonePerfect by two companies. One of these companies was Sweet. ZonePerfect and Sweet were parties to a supply contract dated November 27, 2001, as amended on October 30, 2001 ("Amended Supply Contract").

### The Stock Purchase Agreement

8.     On or about July 22, 2003, Abbott, ZonePerfect, and the Stockholders entered into the SPA, under which Abbott purchased all of the stock of ZonePerfect for $165 million subject to various adjustments (the "Purchase Price"). The transactions described in the Purchase Agreement closed on August 26, 2003. A true and accurate copy of the SPA is attached hereto as Exhibit 1.

9.     Prior to the execution of the SPA, but after Abbott's due diligence, certain Abbott executives approached ZonePerfect's CEO, Christopher Baker ("Baker") about reducing the Purchase Price by $10 million because of the margins that Abbott believed it would make from the sale of the Zone bars.

10.     In an attempt to maintain the purchase price at $165 million, Baker proposed that the $10 million be placed in escrow to be paid out if and when Baker obtained a price reduction from Sweet.

11. Abbott agreed, but instead of permitting Baker to sign any new agreement, demanded that Baker simply "negotiate" a price reduction as part of a broader agreement with Sweet, as more fully described below.

12. Of the $165 Million Purchase Price, $20 million was placed in escrow (the "Escrowed Funds") pursuant to an Escrow Agreement ("EA").[1]   The Escrowed Funds were intended to cover various representations, warranties, covenants and indemnification provisions as set forth in section 7.4 of the SPA. A true and accurate copy of the EA is attached hereto as Exhibit 2.

13. Under Section 7.4(b)(x) of the SPA, one of the indemnification provisions, Baker was required to "negotiate, but not execute" a new agreement with Sweet, by October 1, 2003 (the "New Sweet Agreement"). See SPA, Section 7.4(b)(x).

14. The New Sweet Agreement was to have certain "acceptable terms" which were listed in Section 7.4(b)(x). The section also established a weighted average price reduction ("WAPR") on the cost of the Zone bars sold by Sweet to ZonePerfect. The WAPR was intended to allow the parties to apportion the distribution of $10 Million of the Escrowed Funds.

15. According to the formula set forth in Section 7.4(b)(x), if Baker did not negotiate any price reduction in the price of the bars with Sweet, then Abbott would receive $10 million from the Escrow Account. If the WAPR was greater than $0.00, but less than 2.5 cents per bar, then the following formula was to be used to calculate the amount to be released from the Escrow Account to Abbott:

$$\frac{\$0.025 - WAPR}{\$0.025} \times \$10 \text{ million} = \text{Amount to be released from Escrow Account to Abbott}$$

---

[1]   Of the Escrowed Funds, only approximately $6 Million remain in escrow, and are subject to this lawsuit.

681658_2                                                4

See SPA, Section 7.4(b)(x). If the WAPR was equal to or greater than 2.5 cents per bar, then the entire $10 million was to be released to the Stockholders' Representative for distribution to the Stockholders. See id.

## Baker's Agreement with Sweet

16.     Baker entered into negotiations with Sweet in or around the summer of 2003. Baker and Sweet reached an agreement in principle as to the new terms of a supply agreement between Sweet and ZonePerfect, which were embodied in a letter dated August 25, 2003 ("August Letter"). The August Letter further amended the Amended Supply Contract dating from 2001. A true and accurate copy of the August Letter is attached hereto as Exhibit 3.

17.     On or about August 25, 2003, Baker sent the letter to Sweet's President, Paul Schacher ("Schacher") asking him to "indicate that this amendment confirms our agreement by countersigning and dating this letter where indicated."

18.     On August 26, 2003 Paul Schacher ("Schacher"), the President of Sweet, executed the August Letter. In accordance with the SPA, the August Letter was not executed by Baker.

19.     The August Letter met all of the requirements of the SPA Section 7.4(b)(x), in the following ways:

(a)     Section 7.4(b)(x)(i) required that "The term shall be no less than one (1) year and up to two (2) years with an effective date no later than October 1, 2003." The August Letter provided that its term was "through September 30, 2005." Further, the August Letter specified that "the new pricing structure was to be "effective as of October 1, 2003". See August Letter, Sections 1 and 2;

681658_2                                             5

(b)   Section 7.4(b)(x)(ii) required that by December 1, 2003, the products (i.e. the
bars) must meet the specifications set forth in Exhibit H to the SPA. Such
specifications were attached as Exhibit B to the August Letter and were to be
effective as of October 22, 2003. See August Letter, Section 4 and Exhibit B;

(c)   Section 7.4(b)(x)(iii) required that Sweet shall commit to being capable of
supplying at least 90 million units in each contract year. In the August Letter,
Sweet represented, warranted, and covenanted that it had and would continue to
have the capacity to produce a minimum of 90 million units "per year on an
annualized basis during the period from October 1, 2003 through September 30,
2005". See August Letter, Section 3;

(d)   Section 7.4(b)(x)(iv) provided that ZonePerfect may agree to place orders in each
contract year committing to purchase 90 million units of products. Under the
August Letter, ZonePerfect committed to purchasing "an aggregate minimum of
90 million "units … per year on an annualized basis". See August Letter, Section
3.

(e)   Section 7.4(b)(x) provided that ZonePerfect may agree to be required to provide
six months notice of termination rather than thirty days. This optional provision
was not included in the August Letter.

20.   While the WAPR was not included in the August Letter, new prices were set forth
on Exhibit A to the August Letter. See August Letter, Section 2.

21.   Even though the August Letter was executed by Schacher, Abbott never
countersigned it or authorized Baker to sign it.

## Post-Closing Events

22. After the August 26, 2003 closing of the stock sale, Abbott continued to negotiate a supply contract directly with Sweet. Upon information and belief, on or about September 30, 2003, Schacher sent a letter ("Sweet Letter") to Abbott. The first paragraph of the Sweet Letter stated that Sweet was "retracting [its] offer for the pricing stated on the Sweet Productions / ZonePerfect contract dated August 25, 2003 and signed by [Schacher] on August 26, 2003." A copy of the Sweet Letter is attached hereto as Exhibit 4.[2]

23. On or about September 30, 2003, Abbott sent a letter ("Abbott Letter") to Baker. The Abbott Letter referred to the Sweet Letter and claimed that Sweet "withdrew the August 25th, 2003 proposal". The Abbott Letter went on to state the following:

> We do not feel the objectives of [SPA] Section 7.4(b)(x), including, but not limited to, a price reduction of 2.5 cents per bar, have been satisfied and Abbott reserves the right to make a claim for indemnification under such agreement.

A true and accurate copy of the Abbott Letter is attached hereto as Exhibit 5.

24. Sweet and Abbott continued negotiations subsequent to the closing and through October of 2003. By a letter agreement dated October 30, 2003 ("October Letter"), Sweet and Abbott entered into an amendment of the Amended Supply Contract. A true and accurate copy of the October Letter is attached hereto as Exhibit 6.

25. Under the October Letter, the prices for the Zone bars were increased over those prices specified in Exhibit A of the August Letter.

26. In the October Letter, Abbott and Sweet also added new provisions regarding forecasts, price changes or penalties for failing to order specified volumes, and exclusivity which

---

[2]   Because the Sweet Letter was not sent directly to the Plaintiff or his counsel, the Plaintiff makes no claim as to the authenticity of the letter, but states that it is the true and accurate copy of the Sweet Letter that was provided to it prior to the initiation of this litigation by Abbott's counsel.

were above and beyond the terms required in any supply contract to be negotiated by Baker as set forth under the SPA, Section 7.4(b)(x).

27.     In an internal Abbott memorandum dated November 3, 2003 ("Abbott Memorandum"), directed to Mark Gorman, Lou Belletire, Jennifer Spalding, and Brian Taylor, Ned McCoy of Abbott highlighted some of these new provisions, such as forecasts and exclusivity. A true and accurate copy of the Abbott Memorandum is attached hereto as Exhibit 7.

28.     On or about August 11, 2004, almost one year after the closing, Abbott filed a Claim Notice pursuant to the SPA and the Escrow Agreement stating that the terms of the SPA, Section 7.4(b)(x) had not been met, and demanding that $4,987,960 be disbursed from the Escrowed Funds to Abbott. The amount of $4,987,960 is based on the prices specified in the October Letter, not the August Letter obtained by Baker and signed by Sweet. A true and accurate copy of the Claim Notice filed by Abbott with the Escrow Agent is attached hereto as Exhibit 8.

29.     Friedson filed an Objection Certificate to the claim on or about August 31, 2004. A true and accurate copy of that Objection Certificate is attached hereto as Exhibit 9.

## Additional Claims by Abbott

30.     Abbott also claims over $1 million based on information allegedly withheld or misrepresented in the ZonePerfect financial statements for the twelve months ending June 30, 2003 ("Financial Statements"). These Financial Statements were provided to Abbott as part of the due diligence process for the stock purchase and were warranted as being complete in the SPA. A true and accurate copy of the Financial Statements for the twelve months ending June 30, 2003, which were appended to the SPA, are attached hereto as Exhibit 10.

31.     Section 4.1(f) of the Purchase Agreement provided the following representation:

681658_2                                                         8

    (f)    Financial Statements.  Schedule 4.1(f) sets forth (i) the audited balance sheet of the Company as of June 30, 2002, and the related statements of income, retained earnings and cash flows of the Company for the year then ended, together with the notes to such financial statements (the "Audited Financial Statements") and (ii) the unaudited balance sheet of the Company as of June 30, 2003, and the related statements of income and cash flows of the Company for the twelve (12) month period then ended (the "Unaudited Financial Statements" and, together with the Audited Financial Statements, the "Financial Statements") … The Audited Financial Statements present fairly, in all material respects, the financial position of the Company as of June 30, 2002, and the results of operations and cash flows of the Company for the year then ended, in conformity with generally accepted accounting principles ("GAAP").  The Unaudited Financial Statements present fairly, in all material respects, the financial position of the Company as of June 30, 2003, and the results of its operations for the twelve (12) month period then ended, in conformity with GAAP except for the absence of footnotes, other disclosures, and year end adjustments and reclassifications in conformity with GAAP.

32.    Thus, under the SPA, a charge incurred after June 30, 2003 was not part of the

Financial Statements, and as such, could not make the Financial Statements false or misleading.

33.    Nothing in the SPA provides for adjustments to the purchase price for business

matters occurring between June 30, 2003, the date of the financial statements specified in the

SPA, through August 26, 2003, the closing date.

34.    Abbott has claimed the following misrepresentations/omissions from the financial

statements:

    (a)    Overstatement of inventory for wrappers and boxes, valued at $166,589.16;

    (b)    Overstatement of accounts receivables from customers, valued at $228,395.58;

    (c)    Failure to reflect a liability to Nutralite for raw materials, valued at $229,852.61;

    (d)    Failure to reflect a liability to A.I.M. Mutual Insurance Company for workers' compensation insurance premiums covering periods prior to closing, valued at $55,965.00;

(e)     Failure to reflect a liability to Zurich North America for insurance coverage
        covering periods prior to closing, valued at $73,400.00;

(f)     Overstatement of the amount of prepaid expenses, valued at $166,724.00; and

(g)     Failure to reflect shipping expenses prior to closing, including expenses to UPS
        and White Arrow Trucking, valued at $242,290.00.

35.     Abbott has not provided adequate backup documentation to substantiate its

claims. Abbott has not provided information about recovery from "collateral sources" and tax

benefits to Abbott in respect of its claims all of which amounts are to be offset against its claims

pursuant to Section 7.4(e) of the SPA.

36.     There is no basis for the claim that the inventory for wrappers and boxes was

overstated. The inventory listed in the Financial Statements was accurate as of June 30, 2003,

the date the Financial Statements were supposed to reflect under the SPA.

37.     There is no basis for the claim that the accounts receivables were overstated, as

the figure associated with the accounts receivables listed in the Financial Statements is accurate

as of June 30, 2003, the date the Financial Statements were supposed to reflect under the SPA.

38.     There is no basis for the claim that the charges payable to Nutralite, another

manufacturer of the Zone bars, is chargeable to the Stockholders.

39.     There is no basis for the claim that the liability to A.I.M. Mutual Insurance

Company for workers' compensation insurance premium payments was misstated in the

Financial Statements. The recalculation of the premium occurred after June 30, 2003, and

appears to have been based on the exercise of stock options prior to the August 26, 2003 closing.

40.     There is no basis for a claim of misrepresentation or omission for the remainder of

the claims, including the premiums for insurance from Zurich North America or for payments to

UPS or White Arrow Trucking, as those charges accrued after the June 30 2003 date reflected in

the Financial Statements.

681658_2                                    10

41.     A claim for these amounts was formally brought by Abbott on January 10, 2005. A true and accurate copy of the Claim Notice filed by Abbott with the Escrow Agent is attached hereto as Exhibit 11.

42.     The Stockholder Representative filed an Objection Certificate with the Escrow Agent on or around February 3, 2005. A true and accurate copy of that Objection Certificate is attached hereto as Exhibit 12.

43.     The SPA and the EA were negotiated by each of the parties and their representatives in Massachusetts, as well as other places.

44.     Abbott's agents, employees and other personnel made regular visits and phone calls into Massachusetts to perform their due diligence and to negotiate the SPA.

45.     Abbott has caused the Escrow Agent to send Abbott's notice of claims to the Stockholders' Representative's counsel in Boston, Massachusetts.

46.     The Escrow Agent has communicated with Friedson's counsel in Massachusetts on a number of occasions.

## COUNT I
## Declaratory Judgment

47.     The Stockholders' Representative hereby restates and incorporates by reference the allegations contained in paragraphs 1-46 of this Complaint as though fully stated herein..

48.     An actual controversy exists between the parties.

49.     All necessary parties are joined for the purposes of adjudicating the controversy.

50.     Baker negotiated an agreement with Sweet, the terms of which are set forth in the August Letter and which terms comply with and are in satisfaction of the conditions prescribed under Section 7.4(b)(x) of the SPA.

681658_2                            11

51.     Under the terms of Section 7.4(b)(x) of the SPA, the Former Stockholders are entitled to an amount equal to (a) the amount of Abbott's claim based on prices specified in the October Letter, being $4,987,960, less (b) the amount to be calculated under Section 7.4(b)(x) of the SPA using the prices specified in the August Letter signed by Sweet (the "Owed Amount"). The Stockholders Representative has, to date, been unable to verify the calculation of the Owed Amount pursuant to the SPA without first obtaining from Abbott confirmation of the relative proportions of each flavor of Zone bar purchased during ZonePerfect's fiscal year ended June 30, 2003.

52.     Further, the Financial Statements provided by ZonePerfect do not misstate or misrepresent the representations and warranties contained in Section 4.1(f) of the SPA.

53.     As such, the Stockholders' Representative seeks a declaration from this court that:

(a)     The August Letter constituted a contract binding on Sweet;

(b)     The August Letter, alternatively, was a signed, written offer from Sweet which Sweet was bound to keep open for a reasonable period of time;

(c)     The August Letter is in full compliance with and in satisfaction of the conditions set forth in Section 7.4(b)(x) of the SPA;

(d)     The Stockholders' Representative is entitled to the Owed Amount to be disbursed to him from the Escrowed Funds for further distribution to the former Stockholders;

(e)     The Financial Statements are in full compliance with and in satisfaction of the conditions, representations and warranties contained in Section 4.1(f) of the SPA; and

(f)     The Stockholders' Representative is entitled to $1,163,234.35 to be
disbursed to him from the Escrowed Funds for further distribution to the
former Stockholders.

## COUNT II
## Unfair and Deceptive Conduct in
## Violation of M.G.L. c. 93A, §§ 2 and 11.

54.     The Stockholders' Representative hereby restates and incorporates by reference
the allegations contained in paragraphs 1-53 of this Complaint as though fully stated herein.

55.     The actions of Abbott, including the failure, omissions, and actions with regard to
its claims and the New Sweet Agreement occurred primarily and substantially in Massachusetts.

56.     Abbott is engaged in trade or commerce.

57.     Abbott has denied that the August Letter complied with and satisfied the
conditions set forth in Section 7.4(b)(x) in order to improperly assert a claim over the Escrowed
Funds, when Abbott was aware that it was not entitled to the sum it has claimed.

58.     On information and belief, said information consisting of statements made to
Baker by Abbott executives, Abbott valued ZonePerfect at $155 million, rather than the $165
million Purchase Price set forth in the SPA.

59.     By entering into the WAPR procedure, but not allowing Baker to execute the New
Sweet Agreement, Abbott could try manipulating the Purchase Price, post closing, by making a
claim against the Escrowed Funds. After the closing of the stock purchase, Abbott then felt
comfortable in attempting a renegotiation with Sweet of the August Letter on terms which
Abbott decided were more favorable to it than those specified in Section 7.4(b)(x) of the SPA as
the "acceptable terms". If the renegotiated deal with Sweet included higher prices, Abbott would
simply claim money from the Escrowed Funds.

681658_2                                  13

60. As it turned out, Abbott never countersigned the August Letter negotiated by
Baker, even though Sweet had executed it.

61. In exchange for new terms, Abbott instead renegotiated a higher price per bar
with Sweet after the closing date resulting in a change of the WAPR negotiated by Baker. The
effect was to intentionally and willfully deprive the Former Stockholders of their proper share of
the Escrowed Funds.

62. Abbott has raised improper and unsubstantiated claims of misrepresentations and
omissions from the Financial Statements to intentionally and willfully deprive the Former
Stockholders of their proper share of the Escrowed Funds.

63. On information and belief, Abbott claims an aggregate of $6,151,194.35 in order
to reduce the effective Purchase Price to an amount closer to their $155 million valuation or to
compensate itself for the amounts it conceded to Sweet in the October Letter after the closing.

64. Based upon the foregoing, Abbott has engaged in unfair and deceptive conduct in
violation of M.G.L. c. 93A, §§ 2 and 11, resulting in damage to the Stockholders'
Representative.

65. As a result of Abbott's conduct, the Stockholders' Representative is entitled to
treble damages, costs and attorneys fees in connection with bringing this action.

## COUNT III
### Unfair and Deceptive Conduct in
### Violation of 6 Del. C. § 2532.

66. The Stockholders' Representative hereby restates and incorporates by reference
the allegations contained in paragraphs 1-65 of this Complaint as though fully stated herein.

67. Abbott has acted in the course of its business, vocation or occupation.

68. Abbott has deceptively claimed and/or misrepresented that the August Letter does not comply with or satisfy the conditions of section 7.4(b)(x) of the SPA.

69. Abbott has also deceptively claimed and/or misrepresented that the Financial Statements do not comply with or satisfy the conditions, representations and warranties contained in Section 4.1(f) of the SPA.

70. Based upon the foregoing, Abbott has engaged in unfair and deceptive conduct in violation of 6 Del. C. § 2532, resulting in damage to the Stockholders' Representative.

71. As a result of Abbott's conduct, the Stockholders' Representative is entitled to treble damages, costs and attorneys fees in connection with bringing this action.

## COUNT IV
### Breach of the Implied Covenant of
### Good Faith and Fair Dealing.

72. The Stockholders' Representative hereby restates and incorporates by reference the allegations contained in paragraphs 1-71 of this Complaint as though fully stated herein.

73. In every contract there is an implied covenant of good faith and fair dealing.

74. Abbott has intentionally and willfully acted to deny the Stockholders their share of the Escrowed Funds to which they are entitled under the SPA by presenting improper, unsubstantiated and wrongful claims to the Escrow Agent.

75. Abbott's conduct constitutes a breach of the implied covenant of good faith and fair dealing in the SPA.

76. As a result of Abbott's conduct, the Stockholders' Representative has been and continues to be damaged.

681658_2                                      15

## PRAYERS FOR RELIEF

WHEREFORE, The Stockholders' Representative hereby prays that this court enter judgment on his behalf and against Abbott and grant the following relief:

(1) Enter a declaration that:

    (a) The August Letter constituted a contract binding on Sweet;

    (b) The August Letter, alternatively, was a signed, written offer from Sweet which Sweet was bound to keep open for a reasonable period of time;

    (c) The August Letter is in full compliance with and in satisfaction of the conditions set forth in Section 7.4(b)(x) of the SPA;

    (d) The Stockholders Representative is entitled to the Owed Amount to be disbursed to him from the Escrowed Funds; and

    (e) The Financial Statements are in full compliance with and in satisfaction of the conditions, representations and warranties contained in Section 4.1(f) of the SPA.

(2) Order the Escrow Agent under the EA to release to the Stockholders' Representative the appropriate share of Escrowed Funds in the aggregate amount equal to the Owed Amount plus $1,163,234.35, being the value of the claims regarding the Financial Statements, which is to be further disbursed to the former Stockholders;

(3) Award the Stockholders' Representative compensatory damages, including all Escrowed Funds not disbursed to the Former Stockholders to which they are entitled;

(4)     Award the Stockholders' Representative interest;

(5)     Award the Stockholders' Representative treble damages, costs and

attorneys fees; and

(6)     Award the Stockholders' Representative any other relief this court deems

just and proper.

## PLAINITFF DEMANDS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

Respectfully submitted,

**I HEREBY ATTEST AND CERTIFY ON**
JAN. 12, 2006 **THAT THE**
**FOREGOING DOCUMENT IS A FULL,**
**TRUE AND CORRECT COPY OF THE**
**ORIGINAL ON FILE IN MY OFFICE,**
**AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN**
**CLERK / MAGISTRATE**
**SUFFOLK SUPERIOR CIVIL COURT**
**DEPARTMENT OF THE TRIAL COURT**

**BY**

ASSISTANT CLERK.

**DAVID FRIEDSON as Stockholders'**
**Representative for the Former**
**Stockholders of the ZONEPERFECT**
**NUTRITION COMPANY,**
By his attorneys,

Gerald J. Caruso, BBO No. 076880
jcaruso@rubinrudman.com
William B. McDiarmid, BBO No. 557222
wmcdiramid@rubinrudman.com
Nur-ul-Haq, BBO No. 647448
nurulhaq@rubinrudman.com
Rubin and Rudman LLP
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000
(617) 330-7550 (facsimile)

Dated: December 9, 2005

| CIVIL ACTION COVER SHEET | DOCKET NO(S) **B.L.S.** 05-5191 | Trial Court of Massachusetts Superior Court Department County: SUFFOLK | 2 |
|---|---|---|---|

**PLAINTIFF(S)** DAVID FRIEDSON, as Stockholders' Representative of the former Stockholders of the ZONEPERFECT NUTRITION COMPANY

**DEFENDANT(S)** ABBOTT LABORATORIES, WELLS FARGO BANK MINNESOTA and SWEET PRODUCTIONS LTD.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Gerald J. Caruso, Esq., BBO No. 076880
Rubin and Rudman LLP
50 Rowes Wharf, Boston, MA 02110   617-330-7000
Board of Bar Overseers number:

**ATTORNEY (if known)**
Stephanie McCallum, Esq.
Winston & Strawn LLP
35 West Wacker Drive, Chicago, IL 606021

**Origin Code**

Original Complaint

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BE1 | Breaches, Misrepresentation Business Torts | ( B ) | ( X ) Yes    ( ) No |

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This case involves a dispute over approximately $5.1 million of Escrowed Funds placed in escrow following the purchase of ZonePerfect Nutrition Company stock by Abbott Laboratories ("Abbott"). The plaintiff, David Friedson as Stockholder Representative, brings the action in his capacity as representative of the former stockholders of ZonePerfect. ZonePerfect manufactured Zone bars which were snacks that accompanied the Zone diet as outlined by Dr. Barry Sears in his award-winning books. Abbott purchased ZonePerfect from approximately 13 shareholders in 2003. The case is proper for the Business Litigation Session ("BLS") because of the complex commercial nature of the transaction and the issues that are raised in this case. Abbott paid $165 million for ZonePerfect, but required that $20 million of that amount be placed in escrow. Abbott has made a claim of over $6 million against the escrow fund which the stockholder representative believes is unjustified as to nearly $5 million and, for certain financial claims, either unjustified or, at a minimum, unsubstantiated. The case also involves a question of whether a letter agreement made by Sweet Productions Ltd., the manufacturer of the Zone bars, satisfied certain specific contractual criteria. All of these transactions will require an analysis of the documents executed by the parties and their transactions, both prior to and following the closing. The case will benefit from a single judge who has singular control over scheduling and can accommodate the numerous parties that are and will be before the court.

*A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 12/9/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

JAN. 12, 2006, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

CIVIL ACTION COVER SHEET
INSTRUCTIONS

SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

A.1 claims relating to the governance and conduct of internal affairs of entities
A.2 claims relating to employment agreements
A.3 claims relating to liability of shareholders, directors, officers, partners, etc

B.1 shareholder derivative claims
B.2 claims relating to or arising out of securities transactions

C.1 claims involving mergers, consolidations, sales of assets, issuance of debt, equity and like interests

D.1 claims to determine the use or status of, or claims involving, intellectual property
D.2 claims to determine the use or status of, or claims involving, confidential, proprietary or trade secret information
D.3 claims to determine the use or status of, or claims involving restrictive covenants

BE.1 claims involving breaches of contract or fiduciary, fraud, misrepresentation, business torts or other violations involving business relationships

BF. 1 claims under the U.C.C. involving complex issues

BG.1 claims arising from transactions with banks, investment bankers and financial advisers, brokerage firms, mutual and money funds

BH.1 claims for violation of antitrust or other trade regulation laws
BH.2 claims of unfair trade practices involving complex issues

BI. 1 malpractice claims by business enterprises against professionals

BJ.1 claims by or against a business enterprise to which a government entity is a par

BK.1 other commercial claims, including insurance, construction, real estate and consumer matters involving complex issues

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BD3 | Restrictive covenants | ★ (B) | ☒ Yes  ☐ No |

DUTY OF THE PLAINTIFF. The plaintiff, or plaintiff's counsel, shall set forth, on the face sheet a statement specifying in full detail the facts upon which the plaintiff then relies for "presumptive" entry into the Business Litigation Session. A copy of the civil action cover sheet shall be served on all defendants, together with the complaint.

DUTY OF THE DEFENDANT. Should the defendant contest the entry into the Business Litigation Session, the defendant shall file with the answer (or dispositive motion) a statement specifying why the action does not belong in the Business Litigation Session. Such Statement shall be served with the answer (or dispositive motion).

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN THE TRANSFER OF THIS ACTION FROM THE BUSINESS LITIGATION SESSION TO ANOTHER APPROPRIATE SESSION OF THE SUPERIOR COURT.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Initial Rule 16 Conference.

4.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
Civil Action No. 05-05191 BLS2
**Judge Gants**

DAVID FRIEDSON, as Stockholders'
Representative of the former Stockholders
of the ZONEPERFECT NUTRITION
COMPANY,
    Plaintiff,

v.

ABBOTT LABORATORIES,
WELLS FARGO BANK MINNESOTA, in
its Capacity as Escrow Agent under an
Escrow Agreement dated August 26, 2003,
and SWEET PRODUCTIONS LTD.,
    Defendants.

## AFFIDAVIT OF SERVICE

I, Nur-ul-Haq, being duly sworn, do depose and state as follows:

1.    A am an attorney licensed to practice law and in good standing in the

Commonwealth of Massachusetts and am an associate at the law firm of Rubin and Rudman,

LLP, 50 Rowes Wharf, Boston, Massachusetts 02110. This firm represents the Plaintiff, David

Friedson, as Stockholders' Representative for the former Stockholders of the ZonePerfect

Nutrition Company in connection with the above captioned matter.

2.    On or about December 12, 2005, I caused to be mailed a copy of the Complaint,

Summons and Civil Action Cover Sheet by certified mail, return receipt requested , postage pre-

paid, upon the named Defendants who are located outside the Commonwealth in accordance

with Mass. R. Civ. P. 4(e)(3).

683549_1                                        1

3.    Attached as Exhibits 1-4 to this affidavit are copies of the Summonses with the

so-called "green cards" evidencing receipt by the addressees or representative of the addressees

as required under Mass. R. Civ. P. 4(f). Exhibits 1 shows receipt by the Defendant Abbott

Laboratories at its offices in Abbott Park, Illinois on December 14, 2005 and Columbus, Ohio on

December 17, 2005, respectively. Exhibit 2 shows receipt by the Defendant Wells Fargo Bank,

Minnesota, National Association on December 16, 2005. Exhibit 3 shows receipt by the

Defendant Sweet Productions, Ltd on December 14, 2005.


Signed under the pains and penalties of perjury this 21st day of December, 2005.


Ñur-ul-Haq

I HEREBY ATTEST AND CERTIFY ON

JAN. 12, 2006 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.

# Commonwealth of Massachusetts

*1*

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-5191 B-L.S.

DAVID FRIEDSON, as Stockholders' Rpresentative
of the former Stockholders of the ZONEPERFECT
NUTRITION COMPANY                       , Plaintiff(s)

ABBOTT LABORATORIES; WELLS FARGO BANK MINNESOTA
and SWEET PRODUCTIONS LTD.

_____ , Defendant(s)

## SUMMONS

To the above-named Defendant:   Abbott Laboratories

You are hereby summoned and required to serve upon   Gerald J. Caruso, Esq.

Rubin and Rudman LLP

plaintiff's attorney, whose address is 50 Rowes Wharf, Boston, MA 02110 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the   12th   day of
December   , in the year of our Lord two thousand   five   .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December 12 , 2005 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1)(2): (e)(3):

### By Certified Mail, Return Receipt Requested

Dated: December 20, , 200 5 .

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Abbott Laboratories
100 Abbott Park Rd.
Abbott Park, IL
60064

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
□ Agent
□ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from Item 1?  □ Yes
   If YES, enter delivery address below:  □ No

3. Service Type
□ Certified Mail    □ Express Mail
□ Registered    □ Return Receipt for Merchandise
□ Insured Mail    □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
(Transfer from service label)  7005 2570 0001 8413 0625

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

Commonwealth of Massachusetts

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

President
Abbott Laboratories
Ross Products Division
625 Cleveland Ave.
Columbus, OH 43215

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                    ☑ Agent
□ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1?  □ Yes
   If YES, enter delivery address below:  □ No

3. Service Type
☑ Certified Mail    □ Express Mail
□ Registered    □ Return Receipt for Merchandise
□ Insured Mail    □ C.O.D.

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
(Transfer from service label)  7005 2570 0001 8413 0618

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

SUFFOLK

# Commonwealth of Massachusetts

2

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. **05-5191**

DAVID FRIEDSON, as Stockholders
Representative of the former Stockholders of the
~~ZONEPERFECT NUTRITION COMPANY~~ , Plaintiff(s)

v.

ABBOTT LABORATORIES, WELLS FARGO BANK MINNESOTA
and SWEET PRODUCTIONS LTD.

_____ , Defendant(s)

## SUMMONS

To the above-named Defendant: Wells Fargo Bank Minnesota

You are hereby summoned and required to serve upon____Gerald J. Caruso, Esq.____
Rubin and Rudman LLP

plaintiff's attorney, whose address is 50 Rowes Wharf, Boston, MA 02110 ____ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** Esquire, at Boston, the____12th____ , ____ day of
December ____ , in the year of our Lord two thousand ____five____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December 12 , 200 5 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(5)(k) (e)(3):

By Certified Mail, Return Receipt Requested

Dated: December 20 , 2005 .

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you,
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wells Fargo Bank
Minnesota
Sixth and Marquette
MAC N9303 - 110
Minneapolis, mN 55479

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

DEC 1 6 2005

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 2570 0001 8413 0601

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 05-5191 BLS

DAVID FRIEDSON, as Stockholders' Representative of the former Stockholders of the ZONEPERFECT NUTRITION COMPANY , Plff

v.

ABBOTT LABORATORIES, WELLS FARGO BANK MINNESOTA and SWEET PRODUCTIONS LTD. , Def

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

# Commonwealth of Massachusetts

3

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

DAVID FRIEDSON, as Stockholders' No. 05-5191 BLS
Representative of the former Stockholders of
the ZONEPERFECT NUTRITION COMPANY , Plaintiff(s)

v.

ABBOTT LABORATORIES, WELLS FARGO BANK MINNESOTA
and SWEET PRODUCTIONS LTD.
, Defendant(s)

## SUMMONS

To the above-named Defendant: Sweet Productions Ltd.

You are hereby summoned and required to serve upon     Gerald J. Caruso, Esq.
Rubin and Rudman LLP

plaintiff's attorney, whose address is 50 Rowes Wharf, Boston, MA 02110 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness Barbara J. Rouse, Esquire, at Boston, the 12th day of
December , in the year of our Lord two thousand five .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December 12 , 200 5 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1)(5)(x); (e)(3):

---

## By Certified Mail, Return Receipt Requested

---

Dated: December 20 , 200 5 .

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sweet Productions Ltd
Attn. Paul Schachter
5100 New Horizons
Blvd.
Amityville, NY 11701

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7005 2570 0001 8413 0595

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 05-5191-BLS

DAVID FRIEDSON, as Stockholders' Representative
of the former Stockholders of the
ZONEPERFECT NUTRITION COMPANY

v.

ABBOTT LABORATORIES, WELLS FARGO BANK
MINNESOTA and SWEET PRODUCTIONS LTD.

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

# Commonwealth of Massachusetts

**SUFFOLK, ss.**



2005 DEC 22  P 12: 28

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

DAVID FRIEDSON, as Stockholders' No. 05-5191 BLS
Representative of the former Stockholders of
the ZONEPERFECT NUTRITION COMPANY , Plaintiff(s)

v.

ABBOTT LABORATORIES, WELLS FARGO BANK MINNESOTA
and SWEET PRODUCTIONS LTD.
, Defendant(s)

## SUMMONS

To the above-named Defendant: Sweet Productions Ltd.

You are hereby summoned and required to serve upon Gerald J. Caruso, Esq.
Rubin and Rudman LLP

plaintiff's attorney, whose address is 50 Rowes Wharf, Boston, MA 02110 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 12th day of
December , in the year of our Lord two thousand five .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

  (1) TORT   (2) MOTOR VEHICLE TORT  – (3) CONTRACT –  (4) EQUITABLE RELIEF – (5) OTHER

FORM CIV.P. 1 3rd Rev.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on <u>December 12</u>,200<u>5</u>, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(x)(x)(5) (e)(3):

---

**By Certified Mail, Return Receipt Requested**

---

Dated:<u>December 20</u>, 200 <u>5</u>.

---

N.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sweet Productions Ltd
Attn. Paul Schacker
5100 New Horizons
Blvd.
Amityville, NY 11701

2. Article Number
(Transfer from service label)   7005 2570 0001 8413 0595

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

---

**Commonwealth of Massachusetts**

SUFFOLK. ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 05-5191-BLS

DAVID FRIEDSON, as Stockholders' Representative
of the former Stockholders of the
ZONEPERFECT NUTRITION COMPANY

v.

ABBOTT LABORATORIES, WELLS FARGO BANK
MINNESOTA and SWEET PRODUCTIONS LTD.

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

# Commonwealth of Massachusetts

SUFFOLK, ss.

2005 DEC 12  P 12:23

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No._05-5191$^{B-L.S.}$

DAVID FRIEDSON, as Stockholders' Rpresentative
of the former Stockholders of the ZONEPERFECT
NUTRITION COMPANY
, Plaintiff(s)

ABBOTT LABORATORIES, WELLS FARGO BANK MINNESOTA
and SWEET PRODUCTIONS LTD.

, Defendant(s)

## SUMMONS

To the above-named Defendant:    Abbott Laboratories

You are hereby summoned and required to serve upon___Gerald J. Caruso, Esq.____
_____Rubin and Rudman LLP_____,

plaintiff's attorney, whose address is 50 Rowes Wharf, Boston, MA 02110_____ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, S**Barbara J. Rouse**____, Esquire, at Boston, the__12th_____ day of
_December_____, in the year of our Lord two thousand _five_____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT   (2) MOTOR VEHICLE TORT – (3) CONTRACT   (4) EQUITABLE RELIEF – (5) OTHER

FORM CIV.P. 1 3rd Rev.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on <u>December 12</u>, 200<u>5</u>, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(d)(5)): (e)(3):

<u>By Certified Mail, Return Receipt Requested</u>

Dated: <u>December 20,</u>, 200<u>5</u>.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

N.1

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Abbott Laboratories
100 Abbott Park Rd.
Abbott Park, IL
60064

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)  7005 2570 0001 8413 0625

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☑ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
12-17-05

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

President
Abbott Laboratories
Ross Products Division
625 Cleveland Ave.
Columbus, OH 43215

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)  7005 2570 0001 8413 0618

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**Commonwealth of Massachusetts**

**SUPERIOR COURT DEPARTMENT**

**SUFFOLK**

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _____ 05-5191

DAVID FRIEDSON, as Stockholders
Representative of the former Stockholders of the
~~ZONEPERFECT NUTRITION COMPANY~~ , Plaintiff(s)

v.

ABBOTT LABORATORIES, WELLS FARGO BANK MINNESOTA
and SWEET PRODUCTIONS LTD.

_____ , Defendant(s)

## SUMMONS

To the above-named Defendant: Wells Fargo Bank Minnesota

You are hereby summoned and required to serve upon_____ Gerald J. Caruso, Esq.
_____ Rubin and Rudman LLP

plaintiff's attorney, whose address is 50 Rowes Wharf, Boston, MA 02110 _____ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** Esquire, at Boston, the_12th_____ day of
December_____ , in the year of our Lord two thousand _five_____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

*[Left margin, rotated text:]* NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on <u>December 12</u>, 200<u>5</u>, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(x)(x) (e)(3):

By Certified Mail, Return Receipt Requested

Dated: <u>December 20</u>, 2005 .

**N.B.** **TO PROCESS SERVER:–**
PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 200 .

**Commonwealth of Massachusetts**

SUFFOLK. ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 05-5191 BLS

DAVID FRIEDSON, as Stockholders' Representative
of the former Stockholders of the
ZONEPERFECT NUTRITION COMPANY
, Plff(s).

v.

ABBOTT LABORATORIES, WELLS FARGO BANK
MINNESOTA and SWEET PRODUCTIONS LTD.
, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

**COMMONWEALTH OF MASSACHUSETTS**

**3**

**SUFFOLK, ss.**

**SUPERIOR COURT**
**CIVIL ACTION**
**NO. 05-5191-BLS2**

**DAVID FRIEDSON, as Stockholders' Representative of the former Stockholders of the ZONEPERFECT NUTRITION COMPANY**

*Notice Sent 12/14/05 H.J.L. R+R. (cont'd)*

**vs.**

**ABBOTT LABORATORIES, WELLS FARGO BANK MINNESOTA, in its capacity as Escrow Agent under an Escrow Agreement dated August 26, 2003, and SWEET PRODUCTIONS LTD.**

## NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to the BLS2 Session.

Hereafter, as shown above, all parties must include the initials "BLS2" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. Rule 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the BLS2 Session Clerk, Courtroom 1017, Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel to plan for the litigation and resolution of this matter. If possible, the Court requests counsel for the plaintiff(s) to confer with counsel for the defendant(s) and to suggest to the Court a range of dates available for all parties for this purpose and to include those dates in the notice. The Court, however, retains the discretion to schedule the hearing at a time that fits within its own schedule.

65-324

Ralph D. Gants
Justice of the Superior Court

DATED:      December 13, 2005

I HEREBY ATTEST AND CERTIFY ON
JAN. 12, 2006 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.