UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID FRIEDSON, as Stockholder's Representative of the former Stockholders of the ZONEPERFECT NUTRITION COMPANY,

    Plaintiff,

v.

ABBOTT LABORATORIES, WELLS FARGO BANK MINNESOTA, in its Capacity as Escrow Agent under an Escrow Agreement dated August 26, 2003, and SWEET PRODUCTIONS LTD.,

    Defendants.

Civil Action No.  06-CA-10057-RWZ

## DEFENDANT WELLS FARGO BANK, N.A.'S
## ANSWER TO THE COMPLAINT

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), erroneously identified in the Complaint as Wells Fargo Bank Minnesota, answers the Plaintiff's Complaint as follows:

1.    Wells Fargo admits the allegations in Paragraph 1 of the Complaint.

2.    Wells Fargo admits so much of the allegations in Paragraph 2 of the Complaint as allege that ZonePerfect Nutrition Company is a Delaware corporation.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint.

3.    Wells Fargo admits the allegations in Paragraph 3 of the Complaint.

4.    Wells Fargo denies the allegations in Paragraph 4 of the Complaint.  Further answering Paragraph 4 of the Complaint, Wells Fargo states that Wells Fargo Bank Minnesota, N.A., no longer exists as it has been consolidated under Wells Fargo Bank, N.A.

5.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint contains only legal argument, not factual allegations as to which an answer is required.

7.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.  Further answering Paragraph 8 of the Complaint, Wells Fargo never received an executed copy of the Stock Purchase Agreement.

9.      Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11.     Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.     Wells Fargo admits so much of the allegations in Paragraph 12 of the Complaint as allege that $20 million was placed in escrow pursuant to an Escrow Agreement, a true and accurate copy of which is attached to the Complaint as Exhibit 2.  Further answering Paragraph 12 of the Complaint, Wells Fargo states that the Escrow Agreement speaks for itself, and Wells Fargo refers to that document for an accurate and complete statement of its terms.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint.

13. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28. Wells Fargo admits so much of the allegations in Paragraph 28 of the Complaint as allege that on or about August 11, 2004, Abbott filed a Claim Notice for the disbursement of funds from the Escrow Account. Further answering Paragraph 28 of the Complaint, Wells Fargo states that the Claim Notice, a true and accurate copy of which is attached to the Complaint as Exhibit 8, speaks for itself, and Wells Fargo refers to that document for an accurate and complete statement of its terms. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint.

29. Wells Fargo admits so much of the allegations of Paragraph 29 of the Complaint as allege that Friedson filed an Objection Certificate to the claim on or about August 31, 2004. Further answering Paragraph 29 of the Complaint, Wells Fargo states that the Objection Certificate, a true and accurate copy of which is attached to the Complaint as Exhibit 9, speaks for itself, and Wells Fargo refers to that document for an accurate and complete statement of its terms.

30. Wells Fargo admits only so much of the allegations in Paragraph 30 of the Complaint as allege that Abbott served a notice of claims against the Escrow dated January 10,

2005, which claims total over $1 million.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint.

31. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34. Wells Fargo admits only so much of the allegations in Paragraph 34 of the Complaint as allege Abbott served notice of claims against the Escrow Fund dated January 10, 2005, which claims included the listed amounts.  Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of the Complaint.

35. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint.

37. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. Wells Fargo admits so much of the allegations in Paragraph 41 of the Complaint as allege that on or about January 10, 2005, Abbott filed a claim for the disbursement of funds from the Escrow Account. Further answering Paragraph 41 of the Complaint, Wells Fargo states that the Claim Notice, a true and accurate copy of which is attached to the Complaint as Exhibit 11, speaks for itself, and Wells Fargo refers to that document for an accurate and complete statement of its terms.

42. Wells Fargo admits so much of the allegations of Paragraph 42 of the Complaint as allege that Friedson filed an Objection Certificate to the claim on or about February 3, 2005. Further answering Paragraph 42 of the Complaint, Wells Fargo states that the Objection Certificate, a true and accurate copy of which is attached to the Complaint as Exhibit 12, speaks for itself, and Wells Fargo refers to that document for an accurate and complete statement of its terms.

43. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45. Wells Fargo admits the allegations in Paragraph 45 of the Complaint.

46. Wells Fargo admits the allegations in Paragraph 46 of the Complaint.

47. Wells Fargo incorporates by reference its responses to Paragraphs 1 through 46 of the Complaint as if set forth here in their entirety.

48. Paragraph 48 of the Complaint contains only legal argument, not factual allegations as to which an answer is required.

49. Paragraph 49 of the Complaint contains only legal argument, not factual allegations as to which an answer is required.

50. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint.

52. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains only legal argument and requests for relief, not factual allegations as to which an answer is required.

54. Wells Fargo incorporates by reference its responses to Paragraphs 1 through 53 of the Complaint as if set forth here in their entirety.

55. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint.

56. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint.

57. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

60. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint.

61. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

63. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains only legal argument, not factual allegations as to which an answer is required.

65. Paragraph 65 of the Complaint contains only legal argument and request for relief, not factual allegations as to which an answer is required.

66. Wells Fargo incorporates by reference its responses to Paragraphs 1 through 65 of the Complaint as if set forth here in their entirety.

67. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint.

68. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint.

69. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains only legal argument, not factual allegations as to which an answer is required.

71. Paragraph 71 of the Complaint contains only legal argument and requests for relief, not factual allegations as to which an answer is required.

72. Wells Fargo incorporates by reference its responses to Paragraphs 1 through 71 of the Complaint as if set forth here in their entirety.

73. Paragraph 73 of the Complaint contains only legal argument, not factual allegations as to which an answer is required.

74. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint contains only legal argument, not factual allegations as to which an answer is required.

76. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted as to Wells Fargo and should be dismissed as to Wells Fargo.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff makes claims against Wells Fargo, Plaintiff's claims are barred by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Defendant Wells Fargo is jointly and severally indemnified by Abbott and the Stockholders pursuant to Paragraph 8 of the Escrow Agreement for any loss, damages, judgment, fine, penalty, claim, demand, settlement, cost or expense incurred in connection with acceptance and administration of the Escrow Agreement, including costs and expenses of defending against any claim or liability relating to the Escrow Agreement.

**FOURTH AFFIRMATIVE DEFENSE**

Wells Fargo is entitled to set off against the Escrow Fund all amounts owed pursuant to Paragraph 8 of the Escrow Agreement.

**FIFTH AFFIRMATIVE DEFENSE**

Wells Fargo is bound by the terms and conditions of the Escrow Agreement and will act according to those obligations.

        Wells Fargo Bank, N.A.
        By its attorneys,

        /s/ Steven M. Cowley
        Steven M. Cowley (BBO # 554534)
        Scott R. Magee (BBO # 664067)
        EDWARDS ANGELL PALMER & DODGE LLP
        111 Huntington Avenue
        Boston, MA  02199-7613
        617.239.0100

Dated: February 28, 2006