## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID FRIEDSON, As Stockholders' Representative Of The Former Stockholders Of The ZONEPERFECT NUTRITION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, an Illinois corporation, WELLS FARGO BANK MINNESOTA, a Minnesota corporate trust,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-382 (GMS) |

## FRIEDSON'S ANSWER TO THE COUNTERCLAIM
## SUBMITTED BY ABBOTT LABORATORIES

David Friedson, as Stockholders' Representative of the former stockholders of the

ZonePerfect Nutrition Company, files this Answer to the Counterclaim advanced by Abbott

Laboratories.

## NATURE OF THE CLAIM

1.    The allegations set forth in Paragraph 1 of the Counterclaim characterize the

nature of Abbott Laboratories' claim and the provisions of the Stock Purchase Agreement upon

which it relies.  The Stock Purchase Agreement speaks for itself and therefore requires no

answer.  To the extent that these allegations are allegations of fact, the allegations in the third

sentence of Paragraph 1 are admitted, but the allegations in the second and fourth sentences of

Paragraph 1 are denied.  The most that Chris Baker was asked to do was to negotiate, but not

execute a new agreement with acceptable terms and a potential price reduction.

713599_3

## JURISDICTION AND VENUE

2.      Friedson denies that the Court has diversity jurisdiction over this matter, but understands for purposes of this counterclaim that that issue was decided by the District Court of Massachusetts, which transferred the case to this Court.

3.      For the same reasons as set forth in the Motion to Remand to the Massachusetts Superior Court, Friedson claims that venue is not proper in this case, but understands that the Massachusetts District Court has already decided that venue does lie in this District and has transferred the case here.

4.      Friedson admits that the Court has personal jurisdiction over the parties, but asserts that this dispute is governed by the forum selection clause in the Escrow Agreement, not the forum selection clause in the Stock Purchase Agreement. The issue of personal jurisdiction has also been resolved by the United States District Court for the District of Massachusetts, and Friedson understands that this Court will exercise jurisdiction as a result of that court's action.

## PARTIES

5.      Friedson admits that Abbott Laboratories is an Illinois corporation having its principal place of business in Abbott Park, Illinois. Friedson is without knowledge or information sufficient to form a belief as to the truth or comprehensiveness of the allegations set forth in sentence 2 of Paragraph 5.

6.      Friedson admits the allegations set forth in Paragraph 6.

## CHRIS BAKER'S FAILURE TO COMPLY WITH SECTION 7.4(x)

7.     Friedson admits the allegations set forth in the first sentence of Paragraph 7. Friedson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7.

8.     Friedson admits the allegations set forth in Paragraph 8 insofar as they state that Mr. Baker agreed to try to negotiate a discount from Sweet Productions, thereby increasing the margin per bar. Friedson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8.

9.     Friedson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of Paragraph 9. The remaining allegations of Paragraph 9 constitute a characterization of Section 7.4(x) of the Stock Purchase Agreement. The Stock Purchase Agreement ("SPA") speaks for itself and no answer is required.

10.    Friedson admits the allegations set forth in the first sentence of Paragraph 10. Further answering, Friedson states that Baker was instructed by Abbott not to execute the letter on behalf of ZonePerfect Nutrition Company ("ZonePerfect"). In accordance with those instructions, after reaching the agreement with Sweet Productions which was called for by the SPA, Baker sent a letter agreement referred to in Paragraph 10.

11.    Friedson denies the allegations in the first sentence of Paragraph 11. Friedson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11. Further answering, Friedson states that Abbott Laboratories terminated Baker following the closing of the stock purchase. In addition, Friedson has not been permitted to communicate with or obtain documents from Lisa Burnett or her firm, Dechert LLP, on the grounds that the communications between and among Burnett, Dechert LLP, ZonePerfect, Baker, and Abbott Laboratories are privileged.

12.     Friedson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13.     Friedson admits that Sweet Productions revoked its offer, but denies the remaining allegations set forth in Paragraph 13.

14.     Friedson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15.     Friedson admits the allegations set forth in the first sentence of Paragraph 15 of the Complaint.  Friedson also admits that Abbott sent to Mr. Baker a copy of the September 30, 2003 letter.  The remaining allegations in Paragraph 15 are denied.

16.     Friedson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17.     Friedson admits that Abbott served an escrow claim for approximately $4.99 million.  Further answering, Friedson states that Abbott Laboratories has not substantiated the basis for its calculation of a $0.0125 per bar average weighted price discount.

18.     Friedson admits the allegations set forth in Paragraph 18 in so far as they state that the shareholders filed an objection certificate.  Friedson denies the remaining allegations in Paragraph 18.

### SHAREHOLDERS' ACCOUNTING MISREPRESENTATIONS

19.     Friedson is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20.     Friedson is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 20.  Further answering, Friedson has made repeated requests to Abbott to explain or justify the basis for the financial claims that are set forth in Paragraph 20(a) through 20(f).  To date, Abbott been unable to verify or justify any of those claims.

21.     Friedson denies the allegations set forth in Paragraph 21 except to the extent that they indicate that Abbott made a claim against the escrow account pursuant to Section 7.4 of the Stock Purchase Agreement.

### COUNT I - DECLARATORY RELIEF

22.     Friedson restates and incorporates herein the responses set forth in Paragraphs 1-21 of this Answer as if they were stated fully herein.

23.     Friedson admits the allegations set forth in Paragraph 23.

24.     Friedson admits the allegations set forth in Paragraph 24.

25.     Friedson denies the allegations set forth in Paragraph 25.

### COUNT II - BREACH OF THE IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING

26.     Friedson hereby restates and incorporates by reference the responses set forth in Paragraphs 1-25 of this Answer as if they were stated fully herein.

27.     The allegations set forth in Paragraph 27 are legal conclusions which require no answer.

28.     Friedson denies the allegations set forth in Paragraph 28.

29.     Friedson denies the allegations set forth in Paragraph 29.  Further answering, Friedson states that Abbott's claim notice for indemnification dated August 11, 2004 was for $4,987,960.00, not $900,000 ["Abbott's Initial Claim"].  The basis of Abbott's Initial Claim was Baker's alleged failure to obtain a price reduction from Sweet Productions.  As he disagreed with the basis for Abbott's Initial Claim, Friedson, acting pursuant to and in accordance with the Escrow Agreement, Section 4(b), objected to Abbott's Initial Claim through an Objection Certificate dated August 31, 2004.  At no time prior to the filing of its Counterclaim on or about July 13, 2006 did Abbott claim, demand, or make any other request of Friedson for an amount of

$900,000 nor has Abbott provided Friedson with any material on which Friedson could evaluate the merits of any claim for $900,000 based on a price reduction. On January 10, 2005, Abbott Laboratories filed a second claim notice for indemnification in the amount of $1,163,234.35 ["Abbott's Second Claim"]. Abbott's Second Claim was based upon the financial claims which comprise Paragraphs 19 through 21 of the Counterclaim. Because Friedson believed these claims to be meritless, Friedson, acting pursuant to and in accordance with the Escrow Agreement, Section 4(b), filed an objection to Abbott's Second Claim on February 3, 2005.

    30.    Friedson denies the allegations set forth in Paragraph 30. Further answering, Friedson states that the shareholders have fully complied with the obligations of the SPA and the Escrow Agreement.

    31.    Friedson denies the allegation set forth in Paragraph 31.

    The remaining allegations of the Counterclaim are Prayers for Relief which require no answer. To the extent these allegations are allegations of fact, they are denied.

    **WHEREFORE**, Friedson requests the Court to enter a declaration on Count I that (1) Baker complied with the Stock Purchase Agreement and is entitled to substantially all, if not all, of the $4,987,960.00 claimed by Abbott in Paragraph 17 of its Counterclaim, (2) that the financial statements are accurate and that Friedson is also entitled to the $1,163,234.34 claimed by Abbott and identified in Paragraph 20 of the Counterclaim. Count II of the Counterclaim should be dismissed.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Abbott Laboratories has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Abbott Laboratories' claims are barred, in whole or in part, by the doctrine of waiver.

### Third Affirmative Defense

Abbott Laboratories' claims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

Abbott Laboratories' claims are barred, in whole or in part, by the doctrine of laches and unclean hands.

### Fifth Affirmative Defense

Abbott Laboratories' claims are barred, in whole or in part, by the doctrine of ratification.

### Sixth Affirmative Defense

Abbott Laboratories' claims are barred, in whole or in part, by the doctrine of delay.

### Seventh Affirmative Defense

Abbott Laboratories' claims are barred, in whole or in part, by Abbott Laboratories' own violations and breaches of the SPA.

### Eighth Affirmative Defense

All of the damages claimed by Abbott Laboratories are not recoverable as a matter of law.

### Ninth Affirmative Defense

At all times relevant hereto the shareholders have acted in good faith.

### Tenth Affirmative Defense

Abbott Laboratories' claims are barred by accord and satisfaction.

Respectfully submitted,

By his attorneys,

**DAVID FRIEDSON, AS STOCKHOLDERS'
REPRESENTATIVE OF THE FORMER
STOCKHOLDERS OF THE ZONEPERFECT
NUTRITION COMPANY**

Norman Monhait (#1040)
**ROSENTHAL, MONHAIT & GODDESS, P.A.**
919 Market Street,, Suite 1401
Citizens Bank Center
P. O. Box 1070
Wilmington, DE  19899
(302) 656-4433

OF COUNSEL:

Gerald J. Caruso
Amy M. McCallen
**RUBIN & RUDMAN LLP**
50 Rowes Wharf
Boston, MA  02110-3319
(617) 330-7000

August 14, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of August, 2006, a copy of the

foregoing **Friedson's Answer To The Counterclaim Submitted By Abbott Laboratories**

was served, by electronic transmission, upon:

> Joseph B. Cicero, Esquire
> Edwards Angell Palmer & Dodge LLP
> 919 Market Street, 15th Floor
> Wilmington, Delaware  19801

> John C. Phillips, Jr., Esquire
> Phillips Goldman & Spence, P.A.
> 1200 N. Broom Street
> Wilmington, Delaware 19806

and a copy was sent, by first class mail, postage prepaid to:

> Stephanie McCallum, Esquire
> Lawrence R. Desideri, Esquire
> Winston & Strawn LLP
> 35 W. Wacker Drive
> Chicago, Illinois 60601

Norman M. Monhait (#1040)