IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
DAVID FRIEDSON, as Stockholders' :
Representative of the former Stockholders :
of the ZONEPERFECT NUTRITION :
COMPANY, :
        Plaintiff, :
         :
v. : Civil Action No. 06-382 (GMS)
         :
ABBOTT LABORATORIES and WELLS :
FARGO BANK MINNESOTA, a Minnesota :
corporate trust, and SWEET PRODUCTIONS :
LTD., a New York corporation, :
         :
        Defendants. :
---------------------------------------------------------------x

**NOTICE OF SERVICE OF SUBPOENA**

TO:    John C. Phillips, Jr., Esquire
           Phillips Goldman & Spence, P.A.
           1200 North Broom Street
           Wilmington, Delaware 19806

           Lawrence R. Desideri, Esquire
           Stephanie S. McCallum, Esquire
           Winston & Strawn LLP
           35 West Wacker Drive
           Chicago, IL 60601-9703

        **PLEASE TAKE NOTICE** that plaintiff has caused a subpoena duces tecum, pursuant to Fed.R.Civ.P. 45, to be served upon the entity designated below requiring production of documents at the date, place and time set forth below. A copy of the subpoena is attached as Exhibit A.

| **Subpoenaed Party** | **Place, Date And Time** |
|---|---|
| Dechert LLP<br>Cerra Center<br>2929 Arch Street<br>Philadelphia, PA 19104-2808<br>by a corporate designee | Rosenthal Monhait & Goddess, P.A.<br>919 Market Street, Suite 1401<br>Citizens Bank Center<br>Wilmington, Delaware 19801<br>February 28, 2007 at 9:00 a.m. |

ROSENTHAL, MONHAIT & GODDESS, P.A.

By: /s/ Norman M. Monhait
Norman M. Monhait (#1040)
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
  Email: nmonhait@rmgglaw.com
    Attorneys for Plaintiff

OF COUNSEL:

Gerald J. Caruso
Amy M. McCallen
RUBIN & RUDMAN LLP
50 Rowes Wharf
Boston, MA 02110

January 26, 2007

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____
District of Delaware

David Friedson

V.

Abbott Labratories

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 06 CV 00382 GMS

United States
District Court
District of Delaware

TO: Dechert LLP
Cerra Center
2929 Arch Street
Philadelphia, PA 19104-2808

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Norman M. Monhait, Esq., Rosenthal, Monhait & Goddess, P.A., Citizens Bank Center, Suite 1401, 919 Market Street, Wilmington, DE 19899 | 9:00 am-February 28, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Norman M. Monhait  Attorney for Plaintiff | Jan 26 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Norman M. Monhait, Esq., Rosenthal, Monhait & Goddess, P.A., Citizens Bank Center, Suite 1401, 919 Market Street, Wilmington, DE, 19899, (302) 656-4433

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | DECHERT LLP | BY HAND |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| GREGG LYNCH | | Courier |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __1/26/07__
DATE

SIGNATURE OF SERVER

110 Murphy Rd
Wilmington, De 19803
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A - DECHERT LLP

### DEFINITIONS

1. "ZonePerfect" shall refer to ZonePerfect Nutrition Company and the past officers, directors, employees, affiliates, agents, counsel, attorneys, and other representatives of such entity.

2. "Stockholder(s)" shall refer to the former stockholders of ZonePerfect and the attorneys, agents and representatives acting on behalf of each.

3. "Stockholders' Representative" or "plaintiff" shall refer to plaintiff David Friedson as Stockholders' Representative for the former Stockholders of ZonePerfect and his agents or representatives.

4. "Abbott" shall refer to defendant Abbott Laboratories; the corporate parent, subsidiaries, affiliates or divisions, including but not limited to, Ross Products Division ("Ross"), ZonePerfect after Abbott purchased ZonePerfect, or any other incorporated or unincorporated division of Abbott; and the past or present officers, directors, employees, partners, consultants, Persons acting on behalf of each of the foregoing.

5. "Sweet" shall refer to Sweet Productions, Ltd. and the past or present officers, directors, employees, partners, consultants, Persons acting on its behalf, attorneys, corporate parent, subsidiaries, or affiliates acting on behalf of each.

6. "Purchase Agreement" shall refer to the Stock Purchase Agreement executed by Abbott, ZonePerfect, and the Stockholders on or about July 22, 2003.

7. "Bars" shall refer to the ZonePerfect Nutrition Bars sold by ZonePerfect and, after the transaction described in the Purchase Agreement, by Abbott whether manufactured by Sweet or by any other Person.

8. "Other Product" means any good or service manufactured for, sold to, or otherwise provided to or on behalf of Abbott by Sweet or by any other Person.

9. "Manufacturing Agreement" refers to the Agreement between Sweet and ZonePerfect dated November 27, 2001, as extended and amended by letters dated October 30, 2002 and October 30, 2003.

10. "And" shall mean "and" as well as "or."

11. "Communication(s)" shall mean the disclosure, transfer, exchange or transmission of any form of information, or request for information, by any means whatsoever including written, oral, in electronic media or otherwise, from one Person to another Person, whether made face to face, by correspondence, by email, by telephone, or by any other means and includes, without limitation, all inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, correspondence, memoranda, telegrams, telexes, telecopies, or other forms of exchange, whether written or oral or electronic, whether sent or received.

12. The term "Document" is used in the broadest possible sense permitted by Fed. R. Civ. P. 34 and means, without limitation, all documents, writings or electronically stored information containing written or printed material, symbols or a physical image or sound, and includes, but is not limited to, any and all written, recorded or graphic matter of every type and description, however and by whomever prepared, whether signed or unsigned, prior versions, preliminary, reviewed draft, other draft or final, produced, reproduced, disseminated or made, that is in the possession, custody or control of the Person to whom this request is directed. A non-identical copy is considered a separate document for purposes herein.

13. The term "Person" shall refer to any and all individuals and natural persons, and also includes any and all firms, corporations, organizations, partnerships, limited liability

companies, joint ventures, associations, governmental entities and agencies, commissions and any other entity.

14. "You," "Your," and "Yours" or any form of these pronouns refers to Dechert LLP and the past or present officers, directors, employees, partners, consultants, Persons acting on its behalf, attorneys, corporate parent, subsidiaries, or affiliates acting on behalf of each.

15. "August Letter Agreement" shall mean the August 25, 2003 Letter executed by Paul Schacher, President of Sweet, on August 26, 2003.

16. "September 23 Abbott Redraft" means the letter production agreement prepared for Bars as proposed by Abbott to Sweet on or about September 23, 2003.

17. "September 30 Letter" shall mean the September 30, 2003 letter sent by Paul Schacher to Ned R. McCoy, Director of Business Development, Ross Products Division, Abbott Laboratories, attached hereto as Exhibit A.

18. "October Letter Agreement" shall mean the October 30, 2003, Letter Agreement executed by Mark Gorman for Abbott and ZonePerfect and by Paul Schacher for Sweet.

19. "This litigation" shall mean the action filed by David Friedson, as Stockholders' Representative of the former Stockholders of the ZonePerfect Nutrition Company against Abbott Laboratories, et. al., currently pending in the United States District Court, District of Delaware, Case No. 06 CV 00382-GMS.

## DOCUMENTS TO BE PRODUCED

1. All Documents and Communications between you and ZonePerfect regarding the sale of ZonePerfect.

2. All Documents and Communications between you and the Stockholder(s) regarding the sale of ZonePerfect.

3. All Documents and Communications between you and the Stockholders' Representative regarding the sale of ZonePerfect.

4. All Documents and Communications concerning the terms of the sale of ZonePerfect.

5. All Documents and Communications concerning the Escrow Agreement dated August 26, 2003, among Abbott Laboratories, David Friedson as the stockholder representative, and WellsFargo Bank.

6. All Documents and Communications concerning the valuation of ZonePerfect in connection with the July 22, 2003, sale of this company.

7. All Documents and Communications concerning the determination of the purchase price for the ZonePerfect shares held by the Stockholders.

8. All Documents and Communications regarding the determination of the amount to be held in escrow.

9. All Documents and Communications regarding the items for which indemnification could be claimed by Abbott pursuant to the Purchase Agreement and/or the Escrow Agreement.

10. All Documents and Communications between you and Goulston & Storrs P.C. concerning the sale of ZonePerfect.

11. All Documents and Communications between you and Abbott concerning the sale of ZonePerfect.

12. All Documents and Communications between you and ZonePerfect regarding the Purchase Agreement.

13. All Documents and Communications between you and the Stockholders regarding the Purchase Agreement.

14. All Documents and Communications between you and the Stockholders' Representative regarding the Purchase Agreement.

15. All Documents and Communications between you and Abbott regarding the Purchase Agreement.

16. All Documents and Communications between you and Sweet regarding the Purchase Agreement.

17. All Documents and Communications between you and Wells Fargo regarding the Purchase Agreement.

18. All Documents and Communications regarding adjusting the purchase price for ZonePerfect to take into consideration (a) the operations of ZonePerfect from June 30, 2003 through to and including the closing on August 26, 2006 and (b) post-closing matters including, without limitation, accounts payable and other demands of creditors or suppliers which became due or which were received after June 30, 2003 whether such are in respect of the period before or after June 30, 2003.

19. All Documents and Communications between you and Sweet concerning the August Letter Agreement and/or the October Letter Agreement.

20. All Documents and Communications between you and Abbott concerning the August Letter Agreement.

21. All Documents and Communications between you and ZonePerfect regarding the August Letter Agreement and the negotiation thereof.

22. All Documents and Communications between and among Lisa Burnett, Terrance Dixon, Caroline Abi-Khattar or any other Person at Dechert LLP, and Ned McCoy, or any Person at Abbott, regarding revisions to the August Letter Agreement.

23. All Documents and Communications between or among Lisa Burnett, Terrence Dixon, Caroline Abi-Khattar, or any other Person at Dechert LLP, and David Thibodeau, or any other Stockholder, regarding revisions to the August Letter Agreement.

24. All Documents and Communications between and among Lisa Burnett, Terrance Dixon, Caroline Abi-Khattar, or any other Person at Dechert LLP, and Sweet regarding revisions to the August Letter Agreement.

25. All Documents and Communications regarding any request by Christopher Baker or by any other Person for confirmation from Abbott that the terms of the August Letter Agreement met or satisfied some or all of the requirements described in Section 7.4(b)(x) of the Purchase Agreement.

26. All Documents and Communications regarding any offer by Abbott or any Abbott personnel to make any payment or to provide any benefit or other consideration including, without limitation, any revision to the terms of the August Letter Agreement, to Sweet or any Sweet personnel in exchange for Sweet or any Sweet personnel rejecting or otherwise withdrawing from the August Letter Agreement or in exchange for sending the September 30 Letter to Abbott.

27. All Documents and Communications between you and Abbott regarding the September 23 Abbott Redraft.

28. All Documents and Communications between you and Sweet regarding the September 23 Abbott Redraft.

29. All Documents and Communications between you and any Stockholder regarding the September 23 Abbott Redraft.

30. All Documents and Communications between you and the Stockholders' Representative regarding the September 23 Abbott Redraft.

31. All Documents and Communications regarding the scheduling of and agenda for the September 24, 2003 meeting between personnel of Abbott and personnel of Sweet including, without limitation, all Documents and Communications regarding the date or dates on which flight, hotel, and rental car accommodations were reserved and purchased so that such personnel could attend such meeting.

32. All Documents and Communications regarding the substance of the discussions at the aforesaid September 24, 2003 meeting.

33. All Documents and Communications between you and ZonePerfect regarding Sweet's withdrawal from or retraction of the August Letter Agreement.

34. All Documents and Communications between you and Abbott regarding Sweet's withdrawal from or retraction of the August Letter Agreement.

35. All Documents and Communications between you and Sweet regarding Sweet's decision to withdraw from or retract the August Letter Agreement.

36. All Documents and Communications regarding Abbott's request for Sweet to prepare and deliver the September 30 Letter.

37. All Documents and Communications concerning the September 30 Letter.

38. All Documents and Communications between you and ZonePerfect concerning the October Letter Agreement.

39. All Documents and Communications between you and Abbott Laboratories concerning the October Letter Agreement.

40. All Documents and Communications between and among Lisa Burnett, Terrance Dixon, Caroline Abi-Khattar or any other Person at Dechert LLP, and Ned McCoy or anyone at Abbott regarding the October Letter Agreement.

41. All Documents and Communications between and among Lisa Burnett, Terrance Dixon, Caroline Abi-Khattar and any other Person at Dechert LLP, regarding the October letter.

42. All Documents and Communications between and among Lisa Burnett, Terrance Dixon, Caroline Abi-Khattar, or any other Person at Dechert LLP, and any Person at Sweet regarding the October Letter Agreement.

43. All Documents and Communications between you and ZonePerfect regarding Section 7.4(b)(x) of the Purchase Agreement.

44. All Documents and Communications between you and ZonePerfect regarding Christopher Baker's compliance with Section 7.4(b)(x) of the Purchase Agreement.

45. All Documents and Communications between you and Abbott regarding Section 7.4(b)(x) of the Purchase Agreement.

46. All Documents and Communications between you and Abbott regarding Christopher Baker's compliance with Section 7.4(b)(x) of the Purchase Agreement.

47. All Documents and Communications between and among Lisa Burnett, Terrance Dixon, Caroline Abi-Khattar and any other Person at Dechert LLP regarding Section 7.4(b)(x) of the Purchase Agreement, or Christopher Baker's compliance with it.

48. All Documents and Communications between you and Sweet regarding Christopher Baker's compliance with Section 7.4(b)(x) of the Purchase Agreement.

49. All Documents and Communications regarding the Stockholders' compliance with their representation, warranties, covenants and obligations under the Purchase Agreement.

50. All Documents and Communications regarding ZonePerfect's compliance with the representations, warranties and covenants in the Purchase Agreement.

51. All Documents and Communications regarding claims for indemnification that were made under Section 7.4 of the Purchase Agreement.

52. All Documents and Communications between you and Sweet Productions concerning this litigation.

53. The Manufacturing Agreement and any revisions to it.

54. All Documents and Communications between you and Abbott regarding the Manufacturing Agreement and any revisions to it.

# EXHIBIT A

BY: SWEET#PRODUCTIONS;    163184208055;    SEP-30-03  3:26PM;    PAGE 2

# SWEET PRODUCTIONS LTD.

"DEFINING THE SCIENCE OF NUTRITION"

5100 New Horizons Boulevard • Amityville, New York 11701
Tel: 631-842-0548 • Fax: 631-842-0805 • Toll Free: 800-805-8575
e-mail: sweetsltd@aol.com

Ned R. McCoy
Director, Business Development
Ross Products Division
Abbott Laboratories
625 Cleveland Avenue
Columbus, OH  43215-1724

September 30, 2003

VIA FAX: (614) 624-7313

RE:  Sweet Productions / ZonePerfect Contract

Dear Ned:

This letter serves as notice that I am retracting our offer for the pricing stated on the Sweet Productions / ZonePerfect contract dated August 25, 2003 and signed by me on August 26, 2003.

There are several reasons for our inability to enter a contract at the prices set forth in the August 25th contract. First, we assumed that we would be able to negotiate greater discounts from suppliers during September with the promise of increased volumes in the coming year. However, discounts on raw ingredient volumes greater than we already have negotiated for this year's 90,000,000 production levels were minimal.

The pricing set forth in the August 25, 2003 contract makes it impossible for Sweet Productions to generate any profit on some products, negligible profit on others and some at a loss. It is impossible for us to dedicate more production to ZonePerfect products without having minimal profitability on the product lines.

After an intense review of our cost structure, negotiations with our vendors, and including anticipated cost cutting and production improvements in the coming year, we have been able to create a weighted average reduction from the original contract price of $0.0125. The attached table indicates the prices that we are able to offer by product.

This should enable us to finalize a contract. I look forward to working with you.

Very truly yours,

*Paul Schacher* (signature)

Paul Schacher

enclosure

: SWEET#PRODUCTIONS;            163184208055;          SEP-30-03  3:34PM;          PAGE 3/3

ZonePerfect Nutrition Bar Flavor Unit Analysis - Sweet Productions
July 1, 2002-June 30, 2003

| Product Name | % of ZPN Units | SP Price at 90 MM units Old | New | Difference | DIF x % |
|---|---|---|---|---|---|
| 01063 CHOCOLATE PEANUT BUTTER BAR | 26.40% | 0.4286 | 0.4066 | 0.022 | 0.0058 |
| 01061 FUDGE GRAHAM BAR | 25.10% | 0.4186 | 0.3936 | 0.025 | 0.0063 |
| 01004 STRAWBERRY YOGURT BAR | 12.10% | 0.4086 | 0.3986 | 0.010 | 0.0012 |
| 01035 CHOCOLATE MINT | 13.10% | 0.3736 | 0.3486 | 0.025 | 0.0033 |
| 01104 CHOCOLATE RASPBERRY BAR | 5.60% | 0.4086 | 0.3986 | 0.010 | 0.0006 |
| 01005 APPLE CINNAMON CRUNCH BAR | 5.90% | 0.3786 | 0.3536 | 0.025 | 0.0015 |
| 01036 LEMON YOGURT | 6.90% | 0.3986 | 0.3686 | 0.030 | 0.0021 |
| 01062 BLUEBERRY YOGURT BAR | 3.70% | 0.4236 | 0.3886 | 0.035 | 0.0013 |
| 01129 CHOCOLATE VANILLA CREME BAR | 0.00% | | | | |
| 01128 CHOCOLATE CARAMEL CLUSTER BAR | 0.00% | | | | |
| 01127 DOUBLE CHOCOLATE BAR | 0.00% | | | | |
| 01001 HONEY PEANUT BAR | 0.20% | | | | |
| 01126 CARAMEL APPLE BAR | 0.00% | | | | |
| 01125 PEACH YOGURT BAR | 1.00% | 0.4886 | 0.4536 | 0.035 | 0.0004 |
| Total Bar Gross Sales | 100.00% | | | | 0.0223 |
| | | | Weighted Average | | 0.0223 |
| | | | Percentage of .025 | | 89.3% |

SP REVISED - 9/30/03

| Product Name | % of ZPN Units | SP Price at 90 MM units Old | New | Difference | DIF x % |
|---|---|---|---|---|---|
| 01063 CHOCOLATE PEANUT BUTTER BAR | 26.40% | 0.4286 | 0.4220 | 0.007 | 0.0017 |
| 01061 FUDGE GRAHAM BAR | 25.10% | 0.4186 | 0.4022 | 0.016 | 0.0041 |
| 01004 STRAWBERRY YOGURT BAR | 12.10% | 0.4086 | 0.4075 | 0.001 | 0.0001 |
| 01035 CHOCOLATE MINT | 13.10% | 0.3736 | 0.3500 | 0.024 | 0.0031 |
| 01104 CHOCOLATE RASPBERRY BAR | 5.60% | 0.4086 | 0.4025 | 0.006 | 0.0003 |
| 01005 APPLE CINNAMON CRUNCH BAR | 5.90% | 0.3786 | 0.3725 | 0.006 | 0.0004 |
| 01036 LEMON YOGURT | 6.90% | 0.3986 | 0.3800 | 0.019 | 0.0013 |
| 01062 BLUEBERRY YOGURT BAR | 3.70% | 0.4236 | 0.3925 | 0.031 | 0.0012 |
| 01129 CHOCOLATE VANILLA CREME BAR | 0.00% | | | | |
| 01128 CHOCOLATE CARAMEL CLUSTER BAR | 0.00% | | | | |
| 01127 DOUBLE CHOCOLATE BAR | 0.00% | | | | |
| 01001 HONEY PEANUT BAR | 0.20% | | | | |
| 01126 CARAMEL APPLE BAR | 0.00% | | | | |
| 01125 PEACH YOGURT BAR | 1.00% | 0.4886 | 0.4576 | 0.031 | 0.0003 |
| Total Bar Gross Sales | 100.00% | | | | 0.0125 |
| | | | Weighted Average | | 0.0125 |
| | | | Percentage of .025 | | 50.1% |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of January, 2007, a copy of the **Notice Of Service Of Subpoena** was served, as indicated, upon the following:

### By Electronic Filing

John C. Phillips, Jr., Esquire
Phillips Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, Delaware 19806

### By First Class Mail

Lawrence R. Desideri, Esquire
Stephanie S. McCallum, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

_____
Norman M. Monhait (#1040)