IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------x
DAVID FRIEDSON, as Stockholders' : 
Representative of the former Stockholders :
of the ZONEPERFECT NUTRITION :
COMPANY, :
        Plaintiff, :
         :
   v. : Civil Action No. 06-382 (GMS)
         :
ABBOTT LABORATORIES and WELLS :
FARGO BANK MINNESOTA, a Minnesota :
corporate trust, and SWEET PRODUCTIONS :
LTD., a New York corporation, :
         :
        Defendants. :
-----------------------------------------------------------x

## NOTICE OF DEPOSITIONS

TO:    John C. Phillips, Jr., Esquire
        Brian E. Farnan, Esquire
        Phillips Goldman & Spence, P.A.
        1200 North Broom Street
        Wilmington, Delaware 19806

        Lawrence R. Desideri, Esquire
        Stephanie S. McCallum, Esquire
        David Bower, Esquire
        Winston & Strawn LLP
        35 West Wacker Drive
        Chicago, IL 60601-9703

    **PLEASE TAKE NOTICE** that plaintiff David Friedson, in his capacity as Stockholder Representative, by his attorneys, will take the following depositions upon oral examination, pursuant to Federal Rules of Civil Procedure 30:

A. The following depositions will take place at the offices of Winston & Strawn LLP, 35 West Wacker Drive, Chicago, Illinois 60601, commencing at 10:00 a.m. on the dates indicated.

1. Abbott Laboratories by Ned McCoy, who at relevant times, was "Director, Business Development" for the Ross Products Division of Abbott Laboratories – June 25, 2007

2. Louis Belletire, who at relevant times, was "Director, Third-Party Operations" for the Ross Products Division of Abbott Laboratories – June 26, 2007, pursuant to a subpoena, a copy of which is attached as Exhibit A.

3. Mark F. Gorman, who at relevant times, was "Vice-President, Medical Nutritionals" for the Ross Products Division of Abbott Laboratories – June 27, 2007, pursuant to a subpoena, a copy of which is attached as Exhibit B.

4. Abbott Laboratories by Daniel E. Estay, who at relevant times, was "Vice-President, Business Development" for the Ross Products Division of Abbott Laboratories – June 28, 2007

B. The following depositions will take place at the offices of Rosenthal Monhait & Goddess, P.A., 919 Market Street, Suite 1401, Citizens Bank Center, Wilmington, Delaware 19801, commencing at 10:00 a.m. on the dates indicated.

1. Abbott Laboratories by Robert L. Joseph, Ph.D., who at relevant times, was "Associate Research Fellow Product R&D" for the Ross Products Division of Abbott Laboratories – July 2, 2007

2. Abbott Laboratories by Michael Lorton, who at relevant times, was "Director, MNQA" for the Ross Products Division of Abbott Laboratories – July 3, 2007

All of the foregoing depositions will be taken before an officer authorized by law to administer oaths and may occur at another time and place mutually agreeable to the parties and/or their counsel. The testimony will be recorded stenographically. The oral

examinations will continue from day to day until completed. You are invited to attend and cross-examine.

                                                ROSENTHAL MONHAIT & GODDESS, P.A.

                                                By: _/s/ Norman M. Monhait_____
                                                Norman M. Monhait (#1040)
                                                919 Market Street, Suite 1401
                                                Citizens Bank Center
                                                P.O. Box 1070
                                                Wilmington, Delaware 19899-1070

OF COUNSEL:                          (302) 656-4433
                                                Attorneys for Plaintiff

Gerald J. Caruso
Amy M. McCallen
RUBIN & RUDMAN LLP
50 Rowes Wharf
Boston, MA 02110

June 8, 2007

# EXHIBIT A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
District of Delaware

DAVID FRIEDSON, as Stockholders' Representative of the former Stockholders of the ZONEPERFECT NUTRITION COMPANY

V.

ABBOTT LABORATORIES, an Illinois corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-CV-00382-GMS

TO:
Louis Belletire
8928 Caithness Drive
Dublin, OH 43017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Winston & Strawn, 35 West Wacker Drive, Chicago, Illinois 60601 | Tuesday, June 26, 2007 10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]   Attorney for Plaintiff | June 7, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Gerald J. Caruso, Esq., Rubin and Rudman, LLP, 50 Rowes Wharf, Boston, MA 02110 (617) 330-7000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | June 7, 2007 | Winston & Strawn<br>35 West Wacker Drive<br>Chicago, IL 60601 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | Louis Belletire | Service accepted by:<br>Lawrence Desideri, Esq./Stephanie McCallum, Esq.<br>Attorneys for Defendant |
| SERVED BY (PRINT NAME) | | TITLE |
| | Gerald J. Caruso, Esq. | Attorney for Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
                        DATE                                                    SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT B

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

District of Delaware

DAVID FRIEDSON, as Stockholders' Representative of the former Stockholders of the ZONEPERFECT NUTRITION COMPANY

V.

ABBOTT LABORATORIES, an Illinois corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  06-CV-00382-GMS

TO:
Mark F. Gorman
4603 Sandwich Court
Dublin, OH 43016

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Winston & Strawn, 35 West Wacker Drive, Chicago, Illinois 60601 | Wednesday, June 27, 2007  10:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ *signature*    Attorney for Plaintiff | June 7, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Gerald J. Caruso, Esq., Rubin and Rudman, LLP, 50 Rowes Wharf, Boston, MA 02110 (617) 330-7000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | June 7, 2007 | Winston & Strawn<br>35 West Wacker Drive<br>Chicago, IL 60601 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | Mark F. Gorman | Service accepted by:<br>Lawrence Desideri, Esq./Stephanie McCallum, Esq.<br>Attorneys for Defendant |
| SERVED BY (PRINT NAME) | | TITLE |
| | Gerald J. Caruso, Esq. | Attorney for Plaintiff |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of June, 2007, a copy of the **Notice Of Depositions** was served, as indicated, upon the following:

### By Electronic Filing

John C. Phillips, Jr., Esquire
Brian E. Farnan, Esquire
Phillips Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, Delaware 19806

### By Email

Lawrence R. Desideri, Esquire
Stephanie S. McCallum, Esquire
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703

Norman M. Monhait (#1040)
ROSENTHAL MONHAIT & GODDESS, P.A.
919 Market Street, Suite 1401
Citizens Bank center
P.O. Box 1070
Wilmington, Delaware 19899
(302) 656-4433
Email: nmonhait@rmgglaw.com