UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

DAVID FRIEDSON, as Stockholders' )
Representative of the former Stockholders )
of the ZONEPERFECT NUTRITION )
COMPANY, )
 )
                Plaintiff, )
 )
                v. )     Civil Action No. 06 - 00382 (GMS)
 )
ABBOTT LABORATORIES, an Illinois )
corporation, )
 )
                Defendant. )

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiff David Friedson ("Friedson"), in his capacity as Stockholders' Representative of the former Stockholders of ZonePerfect Nutrition Company, and Defendant Abbott Laboratories ("Abbott") submit this Joint Motion to Amend the Scheduling Order by extending the following deadlines contained in the Court's Scheduling Order: extending the deadline for fact discovery from August 31, 2007 to September 28, 2007; extending the deadline for completion of opening expert reports to October 12, 2007 and rebuttal reports to November 9, with a close of expert discovery on November 30, 2007. For dispositive motions, opening briefs will be due on December 5, 2007; answering briefs will be due on December 19 and reply briefs will be due on December 28, 2007. The parties recognize that the moving of these dates will give this Court less time to consider dispositive motions. Accordingly, the parties are amenable to moving the Pre-Trial Conference or Trial Date to a date further into 2008 in order to accommodate the Court's calendar. However, the parties are also willing to keep those dates.

As grounds for this Motion, the parties state as follows:

1. When the parties met initially with the Court related to the schedule, the parties were unsure whether expert discovery would be necessary for dispositive motions.

2. Assuming that expert discovery would not be relevant, the court set dispositive motion dates prior to and during the completion of expert discovery.

3. The parties now believe that expert discovery is necessary for dispositive motions and requests that the schedule be adjusted accordingly.

4. In addition, the parties have worked diligently and efficiently to meet the close of discovery deadline established by the Court.

5. Despite these efforts, issues have arisen that have made the completion of discovery impossible within the schedule deadline.

6. In particular, certain key third party witnesses have evaded service of third party subpoenas.

7. Most notably, the parties have been unable to serve a critical third party, Paul Schacher of Sweet Productions. Sweet Productions was actually once a party to this litigation. However, it was dismissed from this action.. When dismissed, Sweet agreed that it would participate in discovery in this case.

8. However, despite this promise, for nearly two months, Abbott attempted to serve a deposition subpoena upon Mr. Schacher, the CEO of Sweet, at his home in New York. Abbott was unsuccessful. Friedson tried to serve him at a second home in Nantucket, Massachusetts, but was told by a caretaker that Mr. Schacher had rented his home.

9. Sweet Productions has sold its assets or otherwise gone out of business. Sweet Productions is no longer paying Mr. Pascarella, the lawyer that represented it before Judge

Zobel. Consequently, Friedson's counsel and Abbott's counsel have no choice but to attempt to work with Mr. Schacher directly to schedule his deposition.

10. Schacher is believed to have at least one school-aged child who attends school in New York. If he does not return to his house in New York before August 30, 2007, the parties anticipate that Schacher may be served with a deposition subpoena in September.

11. In addition, Friedson has been unable to schedule the deposition of Mark Gorman, a former employee of Abbott Laboratories and an important witness in this case. To minimize inconvenience to Mr. Gorman, Friedson attempted to schedule this deposition though counsel for Abbott Laboratories. Despite repeated attempts, counsel for Abbott Laboratories was unable to contact Mr. Gorman. On July 23, 2007, Friedson successfully served Mr. Gorman with a deposition subpoena and is attempting to schedule this deposition as soon as possible.

12. The parties also need to schedule third party depositions of Dechert LLP.

13. Finally, through the use of the Court's Discovery Dispute Resolution Processes the parties have, up to this point, resolved their differences over discovery without the need for Court intervention. However, they are continuing to work through other issues and hope to have these issues resolved either by agreement or by the Court shortly.

WHEREFORE, the parties request that the Court set the following schedule for the remainder of the case:

| Event | Date |
| --- | --- |
| End of Fact Discovery | September 28, 2007 |
| Opening Expert Reports | October 12, 2007 |
| Rebuttal Expert Reports | November 9, 2007 |
| Close of expert discovery | November 30, 2007. |

| Dispositive Motions Opening Briefs | December 5, 2007 |
|---|---|
| Dispositive Motions Answering Briefs | December 19, 2007 |
| Dispositive Motion Reply Briefs | December 28, 2007 |
| Pre-Trial Conference | The Same or Set By Court |
| Trial | The Same or Set By Court |

                                                    Respectfully submitted,

ROSENTHAL MONHAIT & GODDESS, P.A.,        PHILLIPS, GOLDMAN & SPENCE P.A..


/s/ Norman M. Monhait                     /s/ John C. Phillips, Jr.
Norman M. Monhait (DE I.D. 1040)          John C. Phillips, Jr. (DE I.D. 110)
Rosenthal Monhait & Goddess, P.A.         Phillips, Goldman & Spence, P.A.
Citizens Bank Center, Suite 1401          1200 North Broom Street
P.O. Box 1070                             Wilmington, DE 19806
Wilmington, DE 19899                      (302) 655-4200
(302) 656-4433

Admitted Pro Hac Vice                     Admitted Pro Hac Vice
Gerald J. Caruso                          Lawrence R. Desideri
Amy M. McCallen                           Stephanie S. McCallum
Rubin and Rudman LLP                      Winston & Strawn, LLP
50 Rowes Wharf                            35 W. Wacker Drive
Boston, MA 02110                          Chicago, IL 60601
(617) 330-7185                            (312) 558-5600

Attorneys for Plaintiff                   Attorneys for Defendant

Dated:  August 1, 2007

ABBOTT LABORATORIES' COUNSEL'S D. DEL. LR 16.4 CERTIFICATION

Counsel for Abbott Laboratories hereby certify that a copy of the foregoing Joint Motion to Amend Scheduling Order was sent to our client.

Respectfully Submitted

PHILLIPS, GOLDMAN & SPENCE, P.A.

By: /s/ Brian E. Farnan
John C. Phillips Jr. (#110)
Brian E. Farnan (#4089)
1200 N. Broom Street
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210
jcp@pgslaw.com

and

Lawrence R. Desideri, Esq.
Stephanie S. McCallum, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700

Dated: August 1, 2007

## CERTIFICATION OF DAVID FRIEDSON'S COUNSEL
## IN SUPPORT OF JOINT MOTION TO AMEND SCHEDULING ORDER

Pursuant to LR 16.4 of Civil Practice and Procedure of the United States District Court for the District of Delaware, Counsel for David Friedson, as Stockholders' Representative of the former Stockholders of the ZonePerfect Nutrition Company, hereby certify that a copy of the foregoing Joint Motion to Amend Scheduling Order was sent to our client.

                        ROSENTHAL MONHAIT & GODDESS, P.A.

                        By: /s/ Norman M. Monhait
                        Norman M. Monhait (#1040)
                        919 Market Street, Suite 1401
                        Citizens Bank Center
                        P.O. Box 1070
                        Wilmington, Delaware 19899-1070
                        (302) 656-4433
                        Attorneys for Plaintiff

OF COUNSEL:

Gerald J. Caruso
Michael R. Coppock
Amy M. McCallen
RUBIN & RUDMAN LLP
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000

Dated: August 1, 2007

757184

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID FRIEDSON as Stockholders'
Representative of the former Stockholders of the
ZONEPERFECT NUTRITIONAL COMPANY,

Plaintiff,

- against -

ABBOTT LABORATORIES, an Illinois
corporation.

Defendant.

Case No. 1:06-cv-00382-GMS

TRIAL BY JURY DEMANDED

### ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of the parties' Joint Motion to Amend Scheduling Order (the "Motion"),

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS HEREBY FURTHER ORDER that the Scheduling Order is amended as follows:

| End of Fact Discovery | September 28, 2007 |
|---|---|
| Opening Expert Reports | October 12, 2007 |
| Rebuttal Expert Reports | November 9, 2007 |
| Close of expert discovery | November 30, 2007. |
| Dispositive Motions Opening Briefs | December 5, 2007 |
| Dispositive Motions Answering Briefs | December 19, 2007 |

| Dispositive Motion Reply Briefs | December 28, 2007 |
|---|---|
| Pre-Trial Conference | |
| Trial | |

The Scheduling Order shall remain in full force and effect in all other respects.

_____
The Honorable Gregory M. Sleet