IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DAVID FRIEDSON, as Stockholders' Representative of the former Stockholders of the ZONEPERFECT NUTRITION COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>ABBOTT LABORATORIES, an Illinois corporation, WELLS FARGO BANK MINNESOTA, a Minnesota corporate trust, and SWEET PRODUCTIONS LTD., a New York corporation,<br><br>    Defendants. | Civil Action No. 06-382 (GMS) |

**PLAINTIFF DAVID FRIEDSON'S RESPONSES
TO ABBOTT LABORATORIES' SECOND
SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware, and subject to the objections stated in his Responses to Abbott's First Set of Interrogatories, which are specifically incorporated in this Response, plaintiff David Friedson ("Friedson"), as Stockholders' Representative, by his undersigned counsel, responds to Abbott Laboratories' Second Set of Interrogatories to Plaintiff David Friedson.

13. What is your calculation of the discount that Abbott would have received if the August 25, 2003 Letter would have been executed?

RESPONSE: Abbott would have received a 2.23 cent price reduction, if Abbott had countersigned the August 25, 2003 Letter that was executed by Mr. Schacher on August 26,

2003.  According to Ms. Forsythe and Mr. McCoy, this amount represents 89.3% of the total price reduction sought by Abbott.  Mr. Friedson adopts that number.

Under the formula set forth in Section 7.4(b)(x) of Mr. Baker and the former shareholders should have been entitled to $8,930,000.  Abbott was entitled to only $1,070,000, and not the $4,987,960 that Abbott included in its Notice of Claim.

14. What is your basis for the calculation in Interrogatory No. 13?

RESPONSE:  Mr. Friedson calculated the amount based upon the formula set forth in Section 7.4(b)(x) of the Stock Purchase Agreement.  That formula requires the determination of a prospective price reduction of at least 2.5 cents per unit based upon a weighted average using the proportion of each flavor of products purchased by the Company during the company's fiscal year ending June 30, 2003, with respect to all flavors of products manufactured by Sweet Productions on behalf of the company.

Using the charts contained at Abbott Bates No. 11,861-11,898, Mr. Friedson was able to verify some of the numbers set forth in the chart at Abbott Bates No. 189-192.  In particular, Mr. Friedson was able to confirm that the chart on Abbott 191-192 is more accurate than other charts in the record in that it contains all of the products purchased by ZonePerfect from Sweet Productions, including the Honey Nut Peanut Butter Bar and Almond Crunch Bar, which does not show up on some of the other charts or calculations in the record.

Mr. Thibodeau will be deposed shortly and might be able to explain his calculation which is attached to an e-mail dated September 5, 2003 and located at Friedson 7507-7508.  Once Mr. Thibodeau is deposed, Mr. Friedson may need to revise this Response.  Mr. Friedson did not have Mr. Thibodeau's e-mail until after discovery began.

In any event, Mr. Friedson adopts the chart and calculations set forth by Sandra Forsythe at Abbott 187, subject to Mr. Thibodeau's testimony and the production of any other future documents which might affect or alter Ms. Forsythe's calculation.

When 89.3% is multiplied by the $10 million held in escrow, the amount owed to the shareholders is $8,930,000.

AS TO OBJECTIONS:

ROSENTHAL MONHAIT & GODDESS, P.A.

By: /s/ Norman M. Monhait
Norman M. Monhait (#1040)
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
*Attorneys for Plaintiff David Friedson*
Email: nmonhait@rmgglaw.com

OF COUNSEL:

Gerald J. Caruso (*Admitted pro hac vice*)
Amy M. McCallen (*Admitted pro hac vice*)
Michael R. Coppock (*Admitted pro hac vice*)
RUBIN & RUDMAN LLP
50 Rowes Wharf
Boston, MA 02110
(617) 330-7000

September 24, 2007

## VERIFICATION

I, David Friedson, state under penalties of perjury that I bring this action in my capacity as Stockholders' Representative under Article 6.2 of the Stock Purchase Agreement among ZonePerfect Nutrition Company, Abbott Laboratories and the Shareholders of ZonePerfect Nutrition Company named therein. In that capacity, I have the authority to act "as attorney-in-fact and agent, with full power of substitution to act in the name, place and stead of" the former Shareholders. I am not, and was not, at the time of the closing a Shareholder. I also have limited knowledge of the underlying facts of this case. I have read the foregoing responses to these Interrogatories and know: the content thereof; that said responses were prepared with the assistance and advice of counsel; that the responses set forth herein, subject to inadvertent or undisclosed errors, are based on and therefore necessarily limited by the records and information still in existence, presently collected and thus far discovered in the course of the preparation of these responses; that I reserve the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that, subject to the limitations set forth herein, the responses are true to the best of my knowledge, information and belief.

Interrogatory responses signed under the pains and penalties of perjury this 21st day of September, 2007.

_David Friedson_
David Friedson