# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DAVID FRIEDSON, as Stockholders'
Representative of the former Stockholders of
the ZONE PERFECT NUTRITION
COMPANY,

      Plaintiff,

v.

ABBOTT LABORATORIES, an Illinois
corporation,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 06-382 (GMS)

The Honorable Gregory M. Sleet

## DEFENDANT ABBOTT LABORATORIES' MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant Abbott Laboratories ("Abbott"), by and through its undersigned attorneys, respectfully moves this Court for the entry of summary judgment on Plaintiff's Count II relating to Chapter 93A of the Massachusetts Consumer Protection Act, Plaintiff's Count III relating to Section 2532 of the Delaware Deceptive Trade Practices Act, and Abbott's Counterclaim III relating to breach of the express and mandatory forum selection clause. For the reasons set forth below, Abbott is entitled to judgment as a matter of law on these claims:

    1.    Plaintiff asserts a cause of action for unfair and deceptive trade practices under Chapter 93A of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, §§ 2 and 11. Plaintiff's claim fails as a matter of law because Section 7.15 of the Stock Purchase Agreement ("SPA"), which is the subject of this commercial litigation, contains a valid and enforceable choice of law provision mandating that Delaware law govern the construction and interpretation of the SPA. As Plaintiff's claim under the Massachusetts Consumer Protection Act amounts to nothing more than a claim for bad faith breach of the SPA, Plaintiff's claim

depends upon the construction and the interpretation of the SPA. Accordingly, Delaware law governs. As Delaware law does not recognize Massachusetts statutory law, Abbott is entitled to summary judgment on Plaintiff's Count II alleging a violation of Chapter 93A of the Massachusetts Consumer Protection Act.

2.      Plaintiff asserts a cause of action for unfair and deceptive trade practices under Section 2532 of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532. Plaintiff's claim fails, even when taken in the light most favorable to Plaintiff, because no facts exist in this case supporting a violation of Section 2532. Further, Plaintiff's contentions in support of Count III amount to nothing more than a claim for bad faith breach of contract, which is not actionable under Section 2532 of the Delaware Deceptive Trade Practices Act. Accordingly, Abbott is entitled to summary judgment on Plaintiff's Count III alleging a violation of Section 2532 of the Delaware Deceptive Trade Practices Act.

3.      Abbott asserts a counterclaim for breach of the mandatory and express forum selection clause contained in the SPA. Section 7.9 of the SPA contains a mandatory and unambiguous forum selection clause whereby the parties expressly and irrevocably agreed that any claims arising out of the SPA would be subject to the exclusive jurisdiction of the United States District Court in Wilmington, Delaware. All claims asserted by Plaintiff in his Complaint arise out of and relate to provisions contained within the SPA. Pursuant to Section 7.9, Plaintiff was required to bring this action in the District of Delaware. As such, Plaintiff breached Section 7.9's mandatory forum selection clause when he chose to pursue his claims in a superior court in Massachusetts, thereby forcing Abbott to incur attorneys' fees and expenses to remove the case to Delaware. Therefore, Abbott is entitled to summary judgment on his Counterclaim III for breach of the forum selection clause contained in the SPA.

In support of this motion, Abbott submits its Memorandum of Law in Support of Its Motion for Summary Judgment. For the foregoing reasons, this Court should grant Abbott's motion for summary judgment as to Plaintiff's Count II, Plaintiff's Count III, and Abbott's Counterclaim III.

Dated: October 11, 2007

Respectfully Submitted

ABBOTT LABORATORIES

By: _Buey E Farnan_
One of Its Attorneys

John C. Phillips Jr. (#110)
Brian E. Farnan (#4089)
PHILLIPS GOLDMAN & SPENCE, P.A.
1200 N. Broom Street
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210

-and-

Lawrence R. Desideri (admitted *pro hac vice*)
Stephanie S. McCallum (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tele: (312) 558-5600
Fax: (312) 558-5700

*Attorneys for Defendant Abbott Laboratories*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **DAVID FRIEDSON, as Stockholders' Representative of the former Stockholders of the ZONE PERFECT NUTRITION COMPANY,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) | **C.A. No. 06-382 (GMS)** |
| **v.** | ) ) | **TRIAL BY JURY DEMANDED** |
| **ABBOTT LABORATORIES, an Illinois corporation,** | ) ) ) ) | |
| **Defendant.** | ) ) ) | |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon consideration of Defendant Abbott Laboratories' Motion for Summary Judgment ("Defendant's Motion"), and any response thereto,

IT IS HEREBY ORDERED that Defendant's Motion is GRANTED in its entirety.

IT IS HEREBY FURTHER ORDERED that judgment is entered in favor of Defendant, and against Plaintiff, on Count II of Plaintiff's Complaint.

IT IS HEREBY FURTHER ORDERED that judgment is entered in favor of Defendant, and against Plaintiff, on Count III of Plaintiff's Complaint.

IT IS HEREBY FURTHER ORDERED that judgment is entered in favor of Defendant, and against Plaintiff, on Count III of Defendant's Counterclaim.

IT IS HEREBY FURTHER ORDERED that Defendant shall submit to the Court a proposed judgment consistent with this Order and an affidavit setting forth its damages

in relation to Count III of its Counterclaim within ten (10) days from the date of this

Order.

 

_____
The Honorable Gregory M. Sleet